PATTERSON v. STATE OF INDIANA.

[No. 769S147. Filed October 2, 1970. No petition for rehearing filed.]

*Alex M. Clark,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General,, *Edward Squier Neal,* Deputy Attorney General, for appellee.

DEBRULER, J.—This is an appeal from a conviction in Marion Criminal Court, Division One, for violation of Acts 1935, ch. 380 as amended, Burns Ind. Stat. Ann. § 10-3519, known as the 1935 Narcotics Act.

Appellant was charged by affidavit with the illegal possession of heroin with intent to sell (Count I) and illegal possession of heroin (Count II). Trial was had by court and at the conclusion of the state's evidence the trial court sustained appellant's motion for discharge as to Count I. Appellant was adjudged guilty as charged in Count II of the affidavit.

Appellant alleges that the finding of the trial court was insufficient in that the State failed to prove that the appellant ever had possession of the alleged drug. In reviewing the allegation of insufficient evidence this court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the finding of the trial court. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of

fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558.

A fair statement of the evidence most favorable to the state reveals the following: At approximately 12:15 a.m., July 18, 1967, four policemen from the Narcotics section of the Indianapolis Police Department stopped their car behind that of the appellant at 2207 N. Pennsylvania in Indianapolis. As appellant exited from his car he noticed the four officers and began running through the yard at that address. The four officers pursued the appellant. As he ran through the yard, appellant was seen throwing currency and aluminum foil packages to the ground. Two officers stopped to retrieve the packages and the money while the other two officers pursued and apprehended the appellant. The aluminum foil packages revealed gelatin capsules containing a white powder. One officer conducted a field test on the powder which test resulted in a positive reaction indicating an opium derivative. Subsequent laboratory test disclosed that the powder was heroin. Appellant alleges that evidence is insufficient to show that he ever had possession of the alleged drugs. This allegation is without merit. Three of the officers on the scene testified that they personally observed the appellant throw the aluminum packages to the ground as he ran through the yard. Such evidence is sufficient to warrant the finding of the trial court that the appellant did have possession of the alleged drugs.

Appellant next alleges that the finding of the trial court was not sustained by sufficient evidence in that the state failed to prove that the substance retrieved from the appellant was in fact heroin, a derivative of opium. Appellant contends that the two police officers who testified regarding the testing of the drugs did not possess sufficient qualifications as to permit them to give expert testimony as to identification of the substance retrieved from the appellant. We cannot agree.

Police Officer Owen testified that upon his retrieval of the

dropped packages he performed a field test upon the white powder. This test, the Marquis reagent test, resulted in a positive reaction indicating the presence of an opium derivative. Officer Owen testified that he had been assigned to the Narcotics Section for approximately fourteen and one-half years and that he had been administering this test for approximately fourteen years. He testified that he was a graduate of the Federal Drug Abuse School and the Federal Bureau of Narcotic Training School. He further testified that the reagent used in this field test was prepared by the Federal Bureau of Narcotics.

Police Officer Kirkhoff testified that he had worked in the crime laboratory for ten years and his primary task was the examination of narcotics. He testified that he received his training from the State Toxicologist, Doctor Fornay; the Indiana State Police Crime Laboratory and various superiors in the Indianapolis Police Crime Laboratory. Officer Kirkhoff performed three separate tests on the substance in question. First was the Marquis reagent test, then the Frohde's examination, then a microscopic examination of the crystalline formation. He testified that he had participated in the conducting of several hundred such tests before. Officer Kirkhoff testified that in his opinion the substance in question was heroin.

Appellant alleges that the testimony of the two officers was inadmissable in that they did not possess sufficient qualifications to be regarded as experts. Appellant contends therefore that without this testimony in, the state has failed to prove that the substance was in fact heroin. We cannot agree with appellant's contention that these officers were not qualified to testify as to the results of the tests administered and to give an opinion based on those results. The question of whether a witness is qualified to testify as an expert is in the sound discretion of the trial court. The ruling

of the trial court will not be disturbed unless there is a manifest abuse of that discretion. *Dougherty* v. *State* (1934), 206 Ind. 678, 191 N. E. 84; *Tyler* v. *State* (1968), 250 Ind. 419, 236 N. E. 2d 815.

No such abuse is shown here. Both officers testified as to the training and extensive experience in performing the tests performed on the drugs in question. The trial court accepted this training and experience as sufficient to permit the officers to render opinions as to the identity of the substance tested. We see no abuse of the court's discretion in doing so.

Appellant next contends that the tests which were conducted on the substance did not conclusively indicate that the substance was in fact heroin. We cannot agree. The following tests were administered to the substance: A field Marquis reagent test was administered at the scene. In the laboratory, another Marquis reagent test, plus a Frohde's examination and a microscopic crystalline examination were given. Officer Kirkhoff who performed the laboratory test testified, after being accepted by the court as an expert, that the substance in question was heroin. He admitted on cross-examination that in regard to one of the test, the Marquis reagent, that other substances might have produced the same reaction. However, Officer Kirkhoff's opinion was based on the entire set of tests and he testified that these tests were prescribed by Dr. Fornay the State Toxicologist, and the United States Internal Revenue Service. We are not prepared to say here that the state had failed to prove that the substance was heroin merely on the basis of testimony that one of the tests could have resulted in a false positive.

Judgment affirmed.

Hunter, C.J., Arterburn, Givan and Jackson, JJ., concur.

NOTE.—Reported in 262 N. E. 2d 520.