Delores Thomas, alias Turner *v*. State of Indiana.

[No. 371S72. Filed January 22, 1973.]

*Donald L. Fasig, Fasig, Goebel, Chavis & Wagner,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit in two counts: Count 1, Possession of a narcotic drug; and Count 2, Possession with intent to sell. Trial before the court without a jury resulted in a finding of guilty of Count 1, only, and a sentence to the Indiana Women's Prison for not less than two years nor more than ten years.

The record discloses the following facts:

Donald Goeden, police officer of the city of Indianapolis assigned to narcotic investigations, testified that at approximately 10:00 P.M. on June 4, 1970, he went to 768 W. Walnut Street, Indianapolis, Indiana, with other officers and a warrant. Sgt. Mukes, one of the other officers, knocked on the door and a female voice was heard from inside the house asking, "Who is it?" to which Sgt. Mukes replied, "Sgt. Mukes, I have a warrant, open the door." The officers then heard the sound of running feet, and Officer Brenton shouted that a window was being opened on the east side of the house. Sgt. Mukes then kicked open the door and both Goeden and

Mukes entered. The two officers found the appellant and Pat Ford sitting at a small kitchen table. There were two open foil packages containing white powder on the table, one directly in front of the appellant. The warrant was read to the appellant. Goeden performed a preliminary test on the powder. The results of the test indicated that the powder contained a derivative of opium.

The foil packages were marked, put in an envelope and taken to the police crime laboratory where tests showed the powder to contain heroin.

Appellant combines in a single argument the following assignments of error:

1. The decision of the court is contrary to law.
2. The decision of the court is not sustained by sufficient evidence.
3. Irregularity in the proceedings of the court and abuse of discretion deprived the defendant of a fair trial.

It is appellant's argument that the evidence was insufficient to show possession, and that there was no proof of intent to unlawfully and feloniously possess the narcotic.

IC 1971, 35-24-1-20(c), BURNS' IND. STAT. ANN., 1972 Supp., § 10-3538(c) provides in part:

> "(c) Any person who possesses or has under his control any narcotic drugs except as authorized under the laws of the United States or the state of Indiana, shall upon conviction be fined not more than one thousand dollars [$1,000] and be imprisoned for not less than two [2] years nor more than ten [10] years."

Appellant argues that since the heroin was on a table at which both the appellant and Pat Ford were seated, it was, therefore, equally accessible to both, and that this fact does not prove possession of either. With this we do not agree.

When the sufficiency of evidence is raised on appeal, this Court will consider only that evidence most favorable to the

State together with all logical and reasonable inferences which may be drawn therefrom. *Lambert* v. *State* (1969), 252 Ind. 441, 249 N. E. 2d 502, 18 Ind. Dec. 246. In order to prove possession of narcotics the State need not prove actual physical possession. Constructive possession is sufficient. 25 AM. JUR. 2d *Drugs, Narcotics, and Poisons* § 21 (1966). In *People* v. *Fox* (1962), 24 Ill. 2d 581, 182 N. E. 2d 692, the Illinois Supreme Court defined "constructive possession" to be an intent and capability to maintain control and dominion over a chattel. This definition was applied to the possession of drugs.

In the case at bar the appellant was in her own home, seated at a table on which were open packets of heroin. We hold that such a factual situation was sufficient for the trial court to determine that the appellant had the intent and capability to maintain control over the heroin, thus she was in "constructive possession" of the heroin.

The fact that appellant was not alone in the kitchen does not alter the result. In the first place, there were two packets of heroin on the table, one in front of each person. The trial court, therefore, had evidence before it from which it could infer that each person seated at the table had exclusive possession of a packet of heroin. However, exclusive possession is not necessary to support a conviction. 25 AM. JUR. 2d *Drugs, Narcotics, and Poisons* § 21 (1966), *supra*.

Appellant also contends the State failed to prove the requisite intent to violate the statute. With this we do not agree. The State produced evidence from which the trial court could reasonably find that the appellant knowingly and wilfully possessed heroin in her home. The statute makes such possession a crime. This Court has previously held that intent may be inferred from the voluntary commission of the act. *Wojcik* v. *State* (1965), 246 Ind. 257, 204 N. E. 2d 866, 4 Ind. Dec. 664.

The Colorado Supreme Court has dealt with the specific

questions involving possession of narcotic drugs as presented by the facts in the case at bar. In *Feltes et al.* v. *People of Colorado* (1972), 78 Colo. 409, 498 P. 2d 1128, 1131, the Court stated:

> " 'A conviction of illegal possession may be based upon evidence that the marijuana, while not found on the person of the defendant, was in a place under his dominion and control. Duran v. People, 145 Colo. 563, 360 P. 2d 132; Gonzales v. People, 128 Colo. 522, 264 P. 2d 508. If possession is established, knowledge of the character of the drug and the fact that it is possessed can be inferred therefrom. [citation omitted.] Possession need not be exclusive and the substance can be possessed jointly by a person and another without a showing that the person had actual physical control thereof.' "

The above statement by the Colorado Supreme Court is applicable to the established law of Indiana and is dispositive of the issues in this case.

We hold the trial court did not abuse its discretion, as claimed by appellant, in overruling her motion for discharge at the close of all the evidence.

The trial court is affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 291 N. E. 2d 557.