RANDOLPH McGOWAN *v.* STATE OF INDIANA.

[No. 2-872A49. Filed May 31, 1973. Rehearing denied June 26, 1973. Transfer denied September 7, 1973.]

*Frederick J. Graf, Martz, Beattey, Hinds & Wallace,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John McArdle,* Deputy Attorney General, for appellee.

SULLIVAN, J.—Defendant-appellant McGowan was tried upon two counts before the court without a jury. [Count 1—violation of the 1935 Firearms Act, IC 1971, 35-23-4-3, Ind. Ann. Stat., § 10-4736 (Burns 1972 Supp.), i.e., unlawful possession of a pistol. Count 2—violation of the 1935 Narcotics Act, IC 1971, 35-24-1-2, Ind. Ann. Stat., § 10-3520 (Burns 1972 Supp.), i.e., unlawful possession of marijuana.] McGowan was found not guilty on Count 1 but was convicted on Count 2 and was sentenced from 2 to 10 years imprison-

ment. A belated amended motion to correct errors was overruled.

The evidence most favorable to the State revealed that on March 6, 1971, Indianapolis Police Detective Byrd received a "tip" concerning a burglar by the name of "Booby". Detective Byrd searching for the suspect knocked at the door of an apartment at 2234 North Central Avenue which was occupied by the tenant William Patton, by McGowan and by another. Patton opened the door and through the open doorway Byrd observed McGowan remove a pistol from his person and lay it on a nearby table. McGowan was arrested for violation of the 1935 Firearms Act, advised of his rights and taken to Police Headquarters.

At the Police Headquarters lockup, the jailkeeper was making a routine search of McGowan when a "packet" dropped from the latter's person. Detective Byrd, observing this sequence of events, picked the packet from the floor and found that it contained "vegetation". Byrd "marked" the packet, placed it in another envelope which he then put into the "lock box" of the police property room. The "packet" was later analyzed by technical Sergeant Charles Cain, of the Indianapolis Crime Laboratory, and found to contain marijuana.

Appellant argues four alleged errors:

1. The evidence found during the custodial search of the defendant should have been suppressed.
2. There was improper joinder of offenses at the trial.
3. Defendant was denied a constitutional right of counsel, at the time of his search at the city lockup.
4. The conviction was not supported by sufficient evidence.

## THE TRIAL COURT DID NOT ERR IN ADMITTING EVIDENCE FOUND AS A RESULT OF A WARRANTLESS SEARCH INCIDENTAL TO A VALID ARREST

Appellant urges that since he was acquitted on Count 1, the original arrest for violation of the 1935 Firearms Act was invalid—thus any evidence resulting from a subsequent search must necessarily be suppressed.

The arresting officer must have "probable cause" to effect an arrest when he lacks a warrant. *Throop* v. *State* (1970), 254 Ind. 342, 259 N.E.2d 875. As stated in *Smith* v. *State* (1971), 256 Ind. 603, 271 N.E.2d 133, 136:

> "The test for probable cause to make an arrest is whether at the time of the arrest the facts and circumstances within the knowledge of the officers * * * were sufficient to warrant a prudent man of reasonable caution in believing that the arrestee had committed or was committing an offense."

The record indicates that McGowan, in plain view of Detective Byrd removed a pistol from his person and layed it on a table. Because he was found not guilty for violating the 1935 Firearms Act, appellant contends the arrest for that violation was unlawful. However, the degree of evidentiary proof required to establish guilt is not necessary to establish probable cause for an arrest. *Henry* v. *United States* (1959), 361 U.S. 98, 80 S. Ct. 168, 4 L. Ed. 2d 134; see *Capps* v. *State* (1967), 248 Ind. 472, at 477, 229 N.E.2d 794.

We find that a prudent officer of reasonable caution under the circumstances here, would have probable cause to believe that McGowan was in violation of the 1935 Firearms Act. Such circumstances therefore justified the arrest.

As a result of the original arrest McGowan was later searched at the city lockup resulting in the finding of marijuana. Appellant urges that the results of this search should be excluded because there is no "automatic" right to conduct a search just because he was arrested, and that even if such right exists, this particular search was illegal because it was conducted at the jailhouse and as such was not contemporaneous with the arrest.

The law in Indiana concerning such searches is settled. Our Supreme Court in *Farrie* v. *State* (1971), 255 Ind. 682, 266 N.E.2d 212, at 214, said:

"* * * A search is no less valid when conducted by a jailer when an accused is booked and is to be confined in a cell in the jail or stationhouse."

In *Ramirez* v. *State* (1972), 153 Ind. App. 142, 286 N.E.2d 219, the defendant was arrested upon conviction of a particular burglary and was taken to the police station where he was asked to empty his pockets. An envelope from his pockets was found to contain evidence relating to an earlier burglary. The defendant was convicted of the burglary which was unrelated to the charges made at the time of the arrest. In *Ramirez, supra,* at 221 this court stated:

"In the case at bar the seizure of the envelope was contemporaneous with the booking of the defendant. Under the authority of *Farrie* v. *State, supra,* the search was justified and the fruits therof were admissible in the prosecution of the instant offense."

Finally, no error was preserved regarding the admissibility of the envelope containing marijuana because of the failure to properly object at trial court. The general rule is that on appeal a party may not raise for the first time different grounds for objection from those presented at trial. *Cooper* v. *State* (1972), 259 Ind. 107, 284 N.E.2d 799; *Rector* v. *State* (1971), 256 Ind. 634, 271 N.E. 2d 452; *Pfeifer* v. *State* (1972), 152 Ind. App. 315, 283 N.E.2d 567. Here, the prosecutor during direct examination of Sgt. Charles Cain, of the crime laboratory, attempted to enter the envelope into evidence and defense counsel objected. The record describes the sequence as follows:

"Q. Sergeant, what did you do to determine the contents of State's Exhibit Two?
A. I opened the envelope and found the vegetation. I performed a microscopic examination on the vegetation, and then I performed a chemical test on the vegetation.
Q. Has this been in your care and custody ever since?
A. No.
MR. TAYLOR: We would object to its introduction into evidence, Your Honor, for the reason it has not been in his care and custody since he has performed his examination, which was April the second.

"THE COURT: Well, I take the objection goes to the matter of a foundation as far as the exhibit is concerned in respect to connection with the defendant, is that the way you mean it, Mr. Taylor?

MR. TAYLOR: Yes, Your Honor.

THE COURT: I am a little bit disturbed by one aspect of this, and I am going to sustain the objection for the related reason that the previous officer has stated that he did not examine the packet at the time it was dropped, and in view of that, I think what Mr. Taylor is talking about is a little bit more serious than usual in regard to the chain of possession. I am not saying that the State has to establish every person that has handled this if they are able to get over the hump in regard to identification. But I don't think that it has been satisfactorily shown at this time, in view of what the officer said, that this in fact is the same packet that the officer said the defendant dropped.

MR. TAYLOR: That's right, Your Honor.

THE COURT: So for the time being the objection is sustained."

Thus, it is clear that the grounds for objection was a chain of custody issue not that evidence was obtained from an illegal search.

The prosecutor, during direct examination of Detective Byrd again attempted to have the envelope containing the marijuana entered into evidence and at this time defense counsel objected in the following manner:

"MR. TAYLOR: Your Honor, I am going to object to the introduction of State's Exhibit One and Two for the reason that Officer Byrd testified on direct originally that the contents of Exhibit Two were picked up by the keeper when they had the man to disrobe. Then at this late date then he testified that he picked it up. Now I don't know whether he did or he didn't, but we are objecting for the reason that there is a misstatement at one time or another of the contents of State's Exhibit Two which was in State's Exhibit One, and I object to the introduction of both of them.

THE COURT: All right, the objection will be overruled. State's Exhibits One and Two are admitted into evidence. You will be free to cross examine on anything that you feel is a conflict in the testimony, * * *"

Again it is evident that the grounds for the objection were not based on illegal search and seizure but upon a variance in the testimony of Byrd concerning who picked up the envelope.

For the reasons enunciated, we hold that it was proper to admit into evidence the envelope containing marijuana.

## APPELLANT DID NOT PRESERVE ALLEGED ERROR WITH RESPECT TO JOINDER OF OFFENSES

The second alleged error presented by appellant is that the court abused its discretion and denied a fair trial in trying him simultaneously for two separate and distinct offenses. Appellant citing *Roark* v. *State* (1956), 234 Ind. 615, 130 N.E.2d 326, reasons that since multiple defendants in criminal prosecutions are not entitled to consolidate indictments charging different offenses, the State, by implication, is not entitled to consolidation of different charges against a single defendant.

Aside from the fact that the factual circumstances here are materially different from that in *Roark* v. *State, supra,* appellant has failed to show that he made any objection or motion to separate the two offenses either before or during trial. The rule is that an attack upon an indictment or affidavit must be made before trial. As stated in *Brown* v. *State* (1970), 254 Ind. 504, 260 N.E.2d 876, 877:

> "There is a logical, rational reason for this. If the indictment is defective there will be an opportunity to amend before trial, and expense and time-consuming efforts in a trial will thus not be lost. Another sound reason for such a rule is that a party should be required to promptly raise error in the trial court at the time it occurs rather than remain silent, hoping for an acquittal, and if that does not occur, then raise the question of error for the first time. These reasons have previously been enunciated by this Court and should not require further elucidation."

## THERE WAS NO DENIAL OF DEFENDANT'S RIGHT TO COUNSEL

Appellant states that he was denied his constitutional right of counsel because he was not represented when he was

searched at the city jail. His argument is based upon the theory that since right of counsel adheres to pre-trial line-ups and oral statements or confessions, the right to counsel should attach to "custodial searches." Appellant's rationale for this position is that there is no difference between line-up identification, confessions and custodial searches since all are "critical stages" of the criminal proceedings prior to trial.

The right to counsel in criminal prosecutions attaches at or after *formal* proceedings have been initiated against the defendant. *Kirby* v. *Illinois* (1972), 406 U.S. 682, 92 S. Ct. 1877, 32 L. Ed. 2d 411. These formal proceedings are usually designated as the indictment, affidavit, arraignment, or preliminary hearing and it is only at this point that the guarantees of the 6th Amendment are applicable.

In *Kirby, supra,* 92 S. Ct. at 1882, the United States Supreme Court said:

"The initiation of judicial criminal proceedings is far from a mere formalism. It is the starting point of our whole system of adversary criminal justice. For it is only then that the Government has committed itself to prosecute, and only then that the adverse positions of Government and defendant have solidified. It is then that a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law. It is this point, therefore, that marks the commencement of the 'criminal prosecutions' to which alone the explicit guarantees of the Sixth Amendment are applicable."

The only "exception" to the above premise is the right of counsel during custodial interrogations as expressed in *Miranda* v. *Arizona* (1966), 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 and *Escobedo* v. *Illinois* (1964), 378 U.S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977. The *Miranda* and *Escobedo* decisions are not really an "exception" to the rule expressed in *Kirby* since their underpinnings lie in the 5th Amendment privilege against self-incrimination not the 6th Amendment

right to counsel. The court in *Kirby, supra,* 92 S. Ct. at 1882, explains that:

"The only seeming deviation from this long line of constitutional decisions was *Escobedo* v. *Illinois,* 378 U.S. 478, 84 S. Ct. 1758, 12 L. Ed. 977. But *Escobedo* is not apposite here for two distinct reasons. First, the Court in retrospect perceived that the 'prime purpose' of *Escobedo* was not to vindicate the constitutional right to counsel as such, but, like *Miranda,* 'to guarantee full effectuation of the privilege against self-incrimination. . . .' *Johnson* v. *New Jersey,* 384 U.S. 719, 729, 86 S. Ct. 1772, 1779, 16 L. Ed. 2d 882. Secondly, and perhaps even more important for purely practical purposes, the Court has limited the holding of *Escobedo* to its own facts. *Johnson* v. *New Jersey, supra,* at 733-734, 86 S. Ct. at 1780, and those facts are not remotely akin to the facts of the case before us."

In the present case the custodial search of McGowan took place prior to any formal proceedings. Thus we find that no error was committed by the trial court in this regard.

## THE DECISION OF THE TRIAL COURT WAS SUFFICIENTLY SUPPORTED BY THE EVIDENCE

When sufficiency of the evidence is raised as an issue on appeal, this court will consider only that evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom; the conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier of fact could reasonably have inferred that appellant was guilty beyond a reasonable doubt. *Livingston* v. *State* (1972), 257 Ind. 620, 277 N.E.2d 363.

Detective Byrd testified that he observed McGowan drop a "packet" that was later found to contain marijuana. The 1935 Narcotics Act, IC 1971, 35-24-1-2, Ind. Ann. Stat., § 10-3520 (a) states:

"It shall be unlawful for any person to manufacture, *possess, have under his control,* sell, prescribe, administer, dispense, compound or use any narcotic drug or drugs except as authorized in the laws of the United States or the

state of Indiana, or for any person to be found in a public place under the influence of narcotic drugs." (Our emphasis)

The mere fact that McGowan dropped the "packet" or marijuana from his person does not mean that he lacked either possession or control. In *Cartwright* v. *State* (1972), 154 Ind. App. 328, 289 N.E.2d 763, this court decided the identical issue presented here. The defendant Cartwright was approached by police officers who asked for his identification. Cartwright reached in his back pocket, pulled out his wallet, threw it to the ground and ran from the scene. A brown envelope was found in the wallet which was later found to contain heroin. Cartwright was charged and convicted of violating the 1935 Narcotics Act. The only factual differences between the *Cartwright* case and the one at bar is the difference in the type drug in the envelopes and the fact that McGowan did not throw but "dropped" his envelope, and that Cartwright fled.

It is well established that convictions for possession of a dangerous drug may be founded either upon actual or constructive possession. Constructive possession may be proven by circumstantial evidence which permits an inference of control over the item. *Patterson* v. *State* (1970), 255 Ind. 22, 262 N.E.2d 520; *Spright* v. *State* (1970), 254 Ind. 420, 260 N.E.2d 770; *Corrao* v. *State* (1972), 154 Ind. App. 525, 290 N.E.2d 484.

The evidence of record here was clearly adequate to support a finding of "possession" and the conviction.

Judgment affirmed.

Buchanan, P.J., concurs; White, J., concurs in result only.

NOTE.—Reported at 296 N.E.2d 667.