DONALD E. McCHRISTIAN *v.* STATE OF INDIANA.

[No. 3-1173A155. Filed June 19, 1974.]

*Dale J. Myers,* Public Defender, of Allen County, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

GARRARD, J.—The defendant, upon trial by the court, was convicted of the crime of armed robbery and brings this appeal asserting that the decision was not sustained by sufficient evidence and was contrary to law.

The statute defining the crime of armed robbery reads as follows:

"Any person who being over sixteen [16] years of age, commits or attempts to commit any felony while armed with any dangerous or deadly weapon, or while any other person is present and aiding or assisting in committing or attempting to commit such felony is armed with any dangerous or deadly weapon, shall be guilty of a separate felony and upon conviction shall be imprisoned for [a] determinate period of not less than ten [10] years nor more than thirty [30] years. The penalty imposed by this chapter [section] is to be fixed by the court or jury trying the case, which sentence the court shall not have the power to suspend: Provided, That such court shall have the right to provide in the judgment that such term of imprisonment shall not run concurrently with any imprisonment that may be adjudged for any additional crimes being attempted or committed at the same time but that such term of imprisonment shall commence at the expiration of the imprisonment adjudged for any such additional crimes. [Acts 1929, ch. 55, § 1, p. 139; 1965, ch. 298, § 1, p. 819; 1969, ch. 206, § 1, p. 771; 1971, P.L. 453, § 1, p. 2092.] IC 1971, 35-12-1-1, Ind. Ann. Stat. § 10-4709 (Burns Supp. 1973)

The evidence supporting the verdict is as follows: Robert L. Kuykendoll testified that he was the owner and operator of Bob's Grocery located in the City of Fort Wayne, Indiana. During the month of December 1972 he had met the defendant, Donald E. McChristian, through a mutual friend and had in fact allowed McChristian to live in his (Kuykendoll's)

residence for a while as the defendant had no place to stay. On January 2, 1973, Kuykendoll was in his grocery speaking on the telephone when the defendant and another man entered. The defendant told Kuykendoll to hang up and that it was a stickup and pointed a sawed-off shotgun at Kuykendoll. He walked Kuykendoll down the aisle behind the counter whereupon his companion held a pistol on Kuykendoll while the defendant went back to the counter and took a pouch and cigar box containing money and then returned and took the money Mr. Kuykendoll had in his pocket. In all the money totaled some $160.00. The defendant and his companion then ordered Mr. Kuykendoll into the basement of his store, shut the door and left. As the defendant and his companion were leaving, they were observed by a Mr. Byrd who, also, identified the defendant at the trial. In addition, Fort Wayne Police Detective Robert Brunkhart testified that upon his arrest and after being given *Miranda* warnings, the defendant had admitted his participation in the robbery.

The defendant, however, contends that the evidence was insufficient and the decision contrary to law for the reason that the felony charged under the armed robbery statute was the felony of robbery; that an essential element of the crime of robbery is a taking from the person, either by violence or by putting in fear; and that the evidence introduced at the trial does not show the use of violence and is insufficient to show a "putting in fear".

The affidavit filed against the defendant does clearly charge the crime of robbery as the felony which the defendant was committing or attempting to commit while armed with a sawed-off shotgun.

The relevant portion of the robbery statute provides:

"Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery, . . ." IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns Supp. 1956)

Defendant's contention is based upon two segments of Mr. Kuykendoll's testimony.

When the defendant first announced that it was a stickup, Mr. Kuykendoll (apparently upon the basis of his acquaintance with the defendant) said "you're joking" to which the defendant responded "this ain't no joke, stand up, get up." Then when Mr. Kuykendoll was asked by the prosecuting attorney whether he was afraid he responded as follows:

"A. Certainly. Well, I was afraid and then I wasn't. I wasn't really afraid until he said to go down in the basement because I still had the feeling they was friends, you know.

Q. That they were going to stop?

A. Pardon?

Q. That they were going to stop doing what they were doing?

A. Well, no, I didn't think they would stop, but I thought maybe—well, he just—I know him. I just—I just didn't think it was kind of happening, so to speak.

Q. You didn't think there would be any harm to you?

A. No, I didn't think he would.

Q. What about when he sent you down in the basement?

A. Then, yes. When he said go down in the basement, why then I got the feeling what a heck of a way to go, you know, but then they just put me in the basement and then they left."

At two later points in his testimony, Mr. Kuykendoll reaffirmed that he was put into fear by the robbers.

Of course, the standard on appeal is that we will only determine whether the evidence most favorable to the State and the reasonable inferences to be drawn therefrom will support a conviction. *Asher* v. *State* (1969), 253 Ind. 25, 244 N.E.2d 89; cert. den. 396 U.S. 821; *McGowan* v. *State* (1973), 156 Ind. App. 344, 296 N.E.2d 667.

Here Mr. Kuykendoll clearly testified to being put in fear. Even his belief that because of their acquaintance the defendant would not harm him [inferentially: so long as he did their bidding] was soon dissipated.

Furthermore our Supreme Court has already held that merely "pointing a loaded pistol at another person and thereby forcing him to do the robber's bidding is an act of violence within the meaning of [the robbery statute.]" *McKinley* v. *State* (1972), 258 Ind. 348, 350, 281 N.E.2d 91, 93.

There was, therefore, ample evidence to sustain the conviction and the decision of the trial court is affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 312 N.E.2d 531.