RICKEY LEE PHILLIPS *v.* STATE OF INDIANA.

[No. 3-174A4. Filed June 28, 1974.]

*Jerome E. Levendoski,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HOFFMAN, C.J.—On March 15, 1973, defendant-appellant Rickey Lee Phillips was charged by affidavit with the crime of possession of heroin. IC 1971, 35-24-1-20(c), Ind. Ann. Stat. § 10-3538(c) (Burns Supp. 1973), Following trial to the court, Phillips was found guilty as charged, ordered committed to the Indiana Department of Corrections for a period of not less than two nor more than ten years and fined in the penal sum of $100. Thereafter, his motion to correct errors was denied and he then perfected this appeal.

The issues presented for review are whether appellant's conviction is supported by sufficient evidence and whether the judgment of the trial court is contrary to law.

An examination of the evidence most favorable to the State discloses that at approximately 11:30 P.M. on the evening of February 19, 1973, Officers Daniel Lee Blakely and Richard R. Witte of the Police Department of the City of Fort Wayne,

Indiana, were dispatched to 431 East DeWald Street in Fort Wayne. Upon their arrival, the officers were informed by two female complainants that appellant Phillips had been harassing and threatening them but had subsequently departed. Following a second dispatch at approximately twelve midnight, the officers returned to the same location and found that Phillips was present. One of the complainants with whom they had previousily spoken requested that the officers arrest Phillips "because she was in fear of her life." At the direction of Officers Blakely and Witte, the complainant subsequently placed Phillips under arrest on charges of assault and battery and disorderly conduct. Appellant was then subjected to a "pat-down" search before being placed in the police car.

Following the search, Phillips was transported to the "County lockup" where he was placed in the custody of the jail officer by Officer Blakely. During the time in which Phillips was being transferred to the jail, Officer Witte remained with the squad car. Upon his return, Officer Blakely proceeded to close the rear door of the patrol car on the passenger side through which Phillips had earlier been removed. As he did so, the officer noticed a small tinfoil packet on the floor of the rear compartment near where appellant had been seated. Closer investigation by Officer Blakely revealed that the packet contained a white powdery substance. Later chemical analysis determined that the substance contained heroin.

The record further discloses that pursuant to a directive from the office of the Chief of Police, Officers Blakely and Witte had removed all paper and debris from the front and rear of their vehicle immediately after going on duty at 10:40 P.M. on February 19, 1973. Testimony of both officers revealed that the floor of the rear compartment of the automobile, which was separated from the front by a large plastic shield, was cleaned.

Prior to Phillips' arrest, the officers were absent from their vehicle on two separate occasions. Both such instances involved

calls at 431 East DeWald Street. The officers testified that during the periods in which the automobile was left unattended, the doors were locked and the windows were closed. The evidence further shows that from the time that the officers departed from the police station after going on duty until the time that appellant was arrested and placed in the patrol car, no one other than the officers occupied the vehicle.

When questions with regard to the sufficiency of evidence are presented on appeal, this court may consider only that evidence which is most favorable to the State together with all logical and reasonable inferences which may be drawn therefrom. Innumerable precedents have reiterated the rule that it is not our function to weigh the evidence nor determine the credibility of witnesses. McAfee v. State (1973), 259 Ind. 687, 291 N.E.2d 554.

The foregoing evidence upon which appellant's conviction was founded is totally circumstantial. It has been said, however, that a conviction may be sustained upon circumstantial evidence alone so long as the evidence is of such probative value that a reasonable inference of guilt may be drawn beyond a reasonable doubt. Gregory v. State (1972), 259 Ind. 295, 286 N.E.2d 666. A conviction predicated upon such evidence may not be reversed unless this court can say as a matter of law that reasonable persons, whether they be the jury or trial court, could not form inferences with regard to each material element of the offense in such manner as to ascertain the defendant's guilt beyond a reasonable doubt. Guyton v. State (1973), 157 Ind. App. 59, 299 N.E.2d 233.

A conviction for possession of narcotics or a dangerous drug in violation of IC 1971, 35-24-1-20 (c), supra, may rest upon evidence showing either actual or constructive possession. McGowan v. State (1973), 156 Ind. App. 344, 296 N.E.2d 667 (transfer denied); Corrao v. State (1972), 154 Ind. App. 525, 290 N.E.2d 484. Since, in

the instant case, there is no evidence that Phillips had actual physical possession of the packet of heroin which was discovered in the rear compartment of the police car, the conviction must be sustained, if at all, upon evidence demonstrating that appellant had constructive possession.

Constructive possession may be proven by circumstantial evidence from which the care, management and control over the item in question may be inferred. *McGowan* v. *State, supra; Corrao* v. *State, supra.* See: Anno. 91 A.L.R.2d 810.

While an accused must have actual knowledge of the presence of the item and of the item's character, this knowledge can be inferred from the fact that the item was found in a place under his dominion and control. *Thomas* v. *State* (1973), 260 Ind. 1, 291 N.E.2d 557; *Feltes et al.* v. *People of Colorado* (Colo. 1972), 498 P.2d 1128.

In the case at bar, the evidence demonstrates that the rear compartment of the patrol car was separated from the front by a plastic shield. Both the front and rear areas of the interior of the car were searched and cleaned by the officers immediately after they went on duty on February 19, 1973. No one other than appellant occupied the rear compartment after the automobile was cleaned and before the tinfoil packet containing heroin was discovered on the floor. The doors of the vehicle were locked on both occasions on which it was left unattended and the windows were closed. Furthermore, the evidence indicates that the search which the officers conducted of appellant's outer clothing prior to placing him in the patrol car was less than thorough. From these facts it would be reasonable to infer that appellant had the requisite control over the heroin and was in constructive possession thereof. Knowledge of the presence of the heroin and of its character may, therefore, be inferred from the fact that the packet was found in an area under appellant's dominion and control.

Accordingly, it must be concluded that the evidence intro-

duced at trial was sufficient to permit the trier of fact to draw reasonable inferences as to each material element of the crime so as to reach the conclusion that appellant Phillips was guilty beyond a reasonable doubt. The finding of the trial court is not, therefore, contrary to law.

No reversible error having been demonstrated, the judgment of conviction entered by the trial court is affirmed.

Affirmed.

Staton, J., concurs; Garrard, J., concurs with opinion.

## CONCURRING OPINION

GARRARD, J.—I concur in the determination that the evidence is sufficient to sustain the conviction. I believe, however, the majority opinion is misleading to the extent it suggests there was no evidence of actual possession.

Of course, either actual or constructive possession is enough, and many times constructive possession may also circumstantially imply actual possession. This, however, is not always so. Indeed the significant connotation of constructive possession is that if an accused is in a knowing position of exercising dominion and control, it does not matter whether the facts are sufficient to additionally overcome a reasonable doubt as to his actual possession.

Thus, Justice Hunter writing for the majority in *Williams v. State* (1969), 253 Ind. 316, 253 N.E.2d 242, distinguished "control" from "possession" stating:

"Ordinarily 'control' means * * * power or authority to check or restrain; regulating power; restraining or directing influence * * * *so, too, it may imply, or not imply possession, depending on the circumstances* * * *.

"Our conclusion . . . is this: that to prove control over a chattel or over other property, one does not need in all cases to show conduct which amounts to possession. Although control is a necessary element in proving possession, the converse is not true." 253 N.E.2d 242, 246.

See, also, *State* v. *Perry* (1973), 10 Wash. App. 159, 516 P.2d 1104; *State* v. *Riley* (1970), 12 Ariz. App. 336, 470 P.2d 484; *U.S.* v. *Pardo-Bolland* (2d Cir. 1965), 348 F.2d 316.

The significant constructive possession cases, then, are those involving circumstances where contraband may be said to be under defendant's control although it is conceivable that he has not, at the time of apprehension or discovery, actually physically had it in hand, as where it is found in the trunk of his car, *Corrao* v. *State* (1972), 154 Ind. 525, 290 N.E.2d 484, or on a table in the accused's dwelling. *Thomas* v. *State* (1973), 260 Ind. 1, 291 N.E.2d 557.

In the case now before us the evidence, as set forth in the majority opinion, sufficiently negates all other hypotheses to permit the reasonable inference that defendant was in actual possession of the heroin at the time of his arrest and travel in the police car.

Accordingly, while the facts show dominion and control, they also show possession, and language to the contrary in the majority opinion is unnecessary.

NOTE.—Reported at 313 N.E.2d 101.