LARRY OLIVER JONES *v.* STATE OF INDIANA.

[No. 2-774A180.  Filed March 25, 1975.  Rehearing denied May 13, 1975.
Transfer denied September 29, 1975.]

*Stephen B. Caplin,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Douglas W. Meyer,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—By information filed September 21, 1973, defendant-appellant (Jones) was charged with a violation of the 1935 Narcotics Act, to-wit: possession of heroin. [The appropriate statute is now found at Ind. Ann. Stat. § 10-3561, IC 35-24.1-4-1].

Jones filed a motion to suppress with the trial court, and at the hearing subsequently held thereon the motion was denied. Further, Jones filed a Motion to Exclude Prejudicial Evidence, which we shall treat as a motion in limine. The motion was granted in part and denied in part.

A jury trial was held on January 8th through the 10th, 1974, and Jones was convicted as charged. The trial court entered judgment on the verdict and Jones was sentenced to imprisonment for an indeterminate period of two to ten years.

The facts most favorable to the State establish that a detective for the Indianapolis Police Department received in-

formation from a confidential informant and such information was presented in an affidavit of probable cause in order to secure a search warrant. The information contained in the affidavit was that the informant had observed various drugs at 726 North East Street, Apartment 33, in Indianapolis, within the last three days. A search warrant was issued on September 19, 1973, and the search was conducted September 20, 1973.

At least six police officers conducted the search of the named premises and there discovered at least two "bindles" containing either a powdery substance or residue. In addition, various measuring spoons, strainers and injection equipment were found upon the premises, and specifically in the bedroom.

A preliminary field test indicated the possible presence of heroin and a subsequent laboratory examination verified the presence of that drug in the "bindles" which were seized.

Jones' first argument is that the evidence was not sufficient to sustain the essential elements of the crime charged.

In order to convict Jones of possession of heroin it was necessary to show that Jones was (1) in possession of the alleged illegal substance, and (2) that the substance possessed was in fact heroin.

A conviction for possession of heroin may rest on evidence which shows either actual or constructive possession. *McGowan* v. *State* (1973), 156 Ind. App. 344, 296 N.E. 2d 667. The doctrine of constructive possession was discussed in *Phillips* v. *State* (1974), 160 Ind. App. 647, 313 N.E.2d 101, wherein this court stated:

"Constructive possession may be proven by circumstantial evidence from which the care, management and control over the item in question may be inferred. . . .

. . . an accused must have actual knowledge of the presence of the item and of the item's character, this knowledge can be inferred from the fact that the item was found in a place under his dominion and control. *Thomas* v. *State* (1973), [260] Ind. [1], 291 N.E.2d 557; *Feltes et al.* v. *People of Colorado* (Colo. 1972), 498 P.2d 1128."

In the case at bar the evidence reveals that the rental receipt for the apartment was signed by Jones and there was an admission in the evidence that the apartment belonged to Jones. Further, Jones was seen emerging from the bedroom of the apartment, and various personal effects of Jones were found throughout the apartment and particularly in the bedroom where the drugs were seized. We consider this evidence sufficient to satisfy the elements of constructive possession as set out in *Phillips, supra.*

Jones further contends that the substance seized was not heroin. Jones argues that the substance seized in the apartment was not that which was eventually tested in the police laboratory and offered into evidence. Jones contends there was a fatal break in the chain of custody of the substance which was seized. Thus, Jones argues that the evidence should not have been admitted at trial and that all testimony with regard to the seized substance should have been excluded at trial.

The chain of custody rule as it exists in Indiana was recently discussed in the case of *Mayes* v. *State* (1974), 162 Ind. App. 186, 318 N.E.2d 811, 819, wherein this court stated:

"Our analysis of case authority leads us to conclude that while any substantial break in the chain of custody to the time of trial might require exclusion of the exhibit offered, not all relevant testimony concerning that article or substance need be excluded. Where the chain is unbroken from the time of its seizure to the time the substance in question has been tested with conclusive results, testimony to that effect may be received."

As the above language from *Mayes* indicates, where there is a break in the chain of custody from the time the substance is seized until it is offered into evidence, the evidence should be excluded. However, where there is substantial evidence to indicate an unbroken chain of custody from the time of the seizure until the time the substance is conclusively tested, testimony as to the results of those tests may be received into evidence.

In the case at bar Jones contends that one of the "bindles" seized was improperly admitted because the substance contained therein was described by different witnesses as "white" or "brown". Jones argues this discrepancy in color is sufficient to show a break in the chain of custody and that the substance was somehow tampered with. Jones also contends that the second "bindle" seized at the apartment was improperly admitted because at trial it was found enclosed in a plastic bag while the policeman making the seizure testified that he did not place the item in such a container. We cannot agree with Jones' contentions. It is our opinion that the differing testimony as to the color of the substance was a fact to be determined in weighing the evidence. Further, the fact that the second "bindle" was found in a plastic bag is immaterial in light of the officer's testimony that the "bindle" itself was the one which was seized at the apartment. The facts in the record indicate that both of the "bindles" seized were the same ones eventually tested at the police laboratory and offered into evidence at trial. The chain of custody was clearly established. Therefore, we find that it was proper for the trial court to admit the substance into evidence and to allow expert testimony as to the results of the laboratory tests. *Mayes, supra; Kelley* v. *State* (1974), 161 Ind. App. 253, 315 N.E.2d 382.

Appellant's second argument is that the evidence seized should have been excluded because the substance was seized as the result of an illegal search. Specifically, Jones argues that the probable cause affidavit in support of the search warrant contained stale information; Jones contending that the evidence in the affidavit was between four and eighteen days old at the time the warrant was issued on September 19, 1973.

In support of this argument Jones relies on *Ashley* v. *State* (1968), 251 Ind. 386, 241 N.E.2d 264. In that case our Supreme Court held that information in a probable cause affidavit that drugs were present on a specific date was not sufficient as probable cause that drugs were present at the

same location eight days later. The court concluded the evidence obtained as a result of the search was improperly seized. In addition to citing the *Ashley* case, Jones argues that since the date on the probable cause affidavit appears to be September 1, 1973, it is conclusively shown that the information contained therein was too old to support the issuance of the warrant.

While the reasoning of the court in *Ashley* remains valid today, we do not feel that the facts in this case fall within the rule established therein. At the motion to suppress hearing the probable cause affidavit was in issue and Jones contended at that time that the affidavit was stale. We note that the date of the month stamped on the affidavit contains a "1" and *another digit* which is unintelligible. Since it is not possible to determine the date from the document itself, it is necessary to find other evidence in the record which may clarify the date. After searching the record we are of the opinion that there was sufficient evidence for the trial judge to conclude that the affidavit does *not* contain information given on September 1, 1973. Testimony given by various police officers indicates that the affidavit was subscribed to on September 18, 1973, and that the evidence contained therein was gathered within three days of that date. In addition, there was evidence that the police were in contact with the informer on September 18. Therefore, while we are mindful that prompt action is necessary with regard to movable or destructible objects, we conclude that the evidence contained in the affidavit was not so "stale" as to require exclusion of the evidence or the finding of reversible error.

Jones' next argument is that prejudicial evidence was wrongly admitted at trial. The portion of Jones' motion to exclude prejudicial evidence which was sustained requested that the Prosecutor make no mention of any prior criminal record. Jones contends that he was greatly prejudiced when, during the course of the trial, on at least two occasions, wit-

nesses for the State commented on the fact that Jones was a convicted felon on parole at the time he was arrested for the offense charged herein. Jones characterizes the admission of this evidence as an "evidentiary harpoon", calculated to prejudice him during the course of the trial.

We recognize that evidence of a prior criminal record is generally not admissible, except under certain circumstances. In fact such evidence may be considered prejudicial if admitted. *White* v. *State* (1971), 257 Ind. 64, 272 N.E.2d 312. Further, it is apparent from the record that while Jones did in fact take the stand on his own behalf, the evidence to which Jones now objects was introduced before Jones took the stand.

While we are of the opinion that the evidence here characterized as an "evidentiary harpoon" comes dangerously close to violating the standards established in *White* v. *State, supra,* we do not feel that the introduction of such evidence requires reversal in the case at bar. Although the motion to exclude prejudicial evidence remained in effect throughout the trial, we are of the opinion that it was necessary for Jones to make timely objections to the admission of evidence concerning his prior criminal record in order to preserve his error. When the evidence now objected to was introduced there was no objection; there was no request for a ruling by the court; there was no motion to strike testimony; and there was no request for a continuing objection to such evidence. Having failed to object at trial the issue is not preserved for our consideration. *Smith* v. *State* (1974), 159 Ind. App. 438, 307 N.E.2d 875.

Appellant's final specification of error is that the trial court erred in not granting various paragraphs of his motion to exclude prejudicial evidence. Judging Jones' motion by the standards established for motions in limine, we find no error in the trial judge overruling various portions of said motion. The granting or denial of a motion in limine is within the sound discretion of the trial court. *Faught*

v. *State* (1974), 162 Ind. App. 436, 319 N.E.2d 843. Absent a clear abuse of that discretion the trial court's action will be upheld.

Finding no reversible error the judgment of the trial court is hereby affirmed.

Lybrook and Hoffman, JJ., concur.