**David Allen CRAIG,
Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 3–679A178.**

Court of Appeals of Indiana,
Third District.

May 1, 1980.

Douglas D. Seely, Jr., Mishawaka, for defendant-appellant.

Theo. L. Sendak, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

Defendant-appellant David Allen Craig was convicted by jury of possession of controlled substances in violation of IC 1971, 35–24.1–4.1–7 and 35–24.1–4.1–11 (Burns Code Ed.).[1] Following denial of a timely motion to correct errors Craig perfected this belated appeal raising three issues of law: whether the trial court erred in overruling a motion to dismiss the information because it did not sufficiently inform defendant of the pending charges; whether the evidence was sufficient to prove knowing possession of the controlled substances; and whether admission into evidence without objection of a search warrant was fundamental error.

Appellant first challenges the ruling below on his motion to dismiss the information. Counts I and III of the 3-count information charged in part that Craig ". . . did unlawfully, knowingly, intentionally and feloniously possess a controlled substance, to-wit: 9.021 grams of Phendimetrazine . . . [and] . 72.6 grams of Tetrahydrocannabinol [respectively] contrary to the form of Statute in such cases made and provided . . . committed in violation of Burns Indiana Stat-

[1] For current law see IC 1971, 35–48–4–7 and 35–48–4–11 (Burns 1979 Repl.).

utes Annotated, I.C. Edition 35–24.1–4.1–7." Craig maintains that the phrase contained in that statute "without a valid prescription or order of a practitioner acting in the course of his professional practice," is an essential element the omission of which makes the information defective. An information must state the crime in the language of the statute or in words which convey a similar meaning. IC 1971, 35–3.1–1–2 (Burns 1979 Repl.). *Carson v. State* (1979), Ind., 391 N.E.2d 600. Words which paraphrase a statute are to be construed in light of common acceptance and understanding. *See: Heflin v. State* (1977), Ind., 370 N.E.2d 895. The elements of IC 1971, 35–24.1–4.1–7, *supra,* include knowing possession, of a controlled substance, without a valid prescription, in Schedule I, II, III, IV, or V. The information in the instant case adequately set forth each of these elements. Use of the terms "unlawfully" and "feloniously" are sufficient to negate the existence of a "valid prescription or order . . ." and serve to convey the same meaning. Appellant has not demonstrated otherwise. The indictment was therefore sufficient to inform a man of common intelligence that he was charged with criminally possessing controlled substances and apprising him of the nature of the charges that he was to defend. *See: Sizemore v. State* (1974), 159 Ind.App. 549, 308 N.E.2d 400. The motion to dismiss was thus properly denied.

 Appellant next claims there was insufficient proof on the element of possession. The evidence including reasonable inferences flowing therefrom most favorable to the State refutes this alleged error. Immediately prior to trial and in open court Craig stipulated that he was the owner of the house located at 1612 Dale Street, South Bend, Indiana on the date that the drugs were found. Further, testimony of two State witnesses established that Craig was the only person present when the search warrant was executed. He allowed the police officers entry into the house and provided keys to unlock various cabinets. The search yielded numerous items of contraband as well as the phendimetrazine, marijuana, and tetrahydrocannabinol. It is clear that a conviction for possession of a controlled substance may stand upon evidence of either actual or constructive possession. Constructive possession may be proven from evidence that the item was in a place over which a defendant exercised dominion and control. *Phillips v. State* (1974), 160 Ind.App. 647, 313 N.E.2d 101. The evidence sustains Craig's conviction of unlawful possession. *See: Mason v. State* (1979), Ind., 392 N.E.2d 806.

 Finally, appellant urges that fundamental error was committed below because the probable cause affidavit supporting the search warrant introduced at trial constituted hearsay evidence. Although no objection was made to the admission of the affidavit at trial, appellant maintains that the issue is proper for appeal since he was acting *pro se.* However, the decision to act as his own counsel was freely made by Craig. And as stated by our Supreme Court in *Smith v. State* (1977), Ind., 368 N.E.2d 1154, one acting as his own counsel is to be held to established rules of legal procedure as are trained legal counsel. *See also: Johnson v. State* (1979), Ind., 390 N.E.2d 1005. Craig's failure to object to the evidence at trial waives the issue on review. *Robinson v. State* (1979), Ind.App., 389 N.E.2d 371. Craig argues that the affidavit improperly led the jury to the conclusion that he was guilty of possession. Assuming *arguendo* that error in the admission was preserved, as stated earlier in this opinion, there was ample, properly admitted evidence establishing the element of possession. Even if the affidavit led to the conclusion drawn by appellant such evidence would be merely cumulative in nature and not grounds for reversal. *King v. State* (1979), Ind.App., 397 N.E.2d 1260.

The conviction is therefore affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.