**Ozzie YOUNG, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 49A02–9007–CR–386.**[1]

Court of Appeals of Indiana, First District.

Nov. 13, 1990.

---

**1.** This case has been diverted from the Second District by direction of the Chief Judge.

S. Sargent Visher, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

## MEMORANDUM DECISION

ROBERTSON, Judge.

Ozzie Young appeals his convictions after a bench trial for Dealing in a Narcotic Drug (Heroin), a class B felony, and Possession of a Narcotic Drug (Heroin), a class D felony, for which he received concurrent enhanced sentences of twelve (12) and four (4) years respectively. The State concedes the trial court erred by convicting and sentencing Young for both dealing and posses-

sion of a narcotic drug under the rationale of *Mason v. State* (1989), Ind., 532 N.E.2d 1169, *cert denied,* 490 U.S. 1049, 109 S.Ct. 1960, 104 L.Ed.2d 428. Therefore, we vacate the possession conviction. Young raises two issues, neither of which constitute reversible error.

## FACTS

The facts most favorable to the judgment indicate that on December 14, 1989, police officers executed a search warrant on a hotel room occupied by Dane Wynn and Ozzie Young. When the officers entered the room, Wynn was sitting at a table using a funnel to pour heroin into a balloon. On the table were three plastic bags containing a total of approximately five and six-tenths (5.6) grams of heroin, several measuring spoons, a bottle of Dormin,[2] a syringe containing heroin residue, and nineteen (19) tied balloons containing a total of approximately four and seven-tenths (4.7) grams of heroin. The hotel room was registered in Wynn's name and Wynn was in possession of a key to the hotel room.

Young was sitting in a chair against the wall by a dresser. On the dresser was an empty Dormin bottle containing twenty four (24) balloons filled with a total of approximately four and three-tenths (4.3) grams of heroin. In an open drawer of the dresser, also within Young's reach, were two (2) bottles of Dormin, a cooker cap containing heroin residue, a bottle of diphenhydramine,[3] and a billfold containing paraphernalia for packaging heroin.

## DECISION

### I.

Whether the evidence is sufficient?

Young admits the State proved that he was in a motel room where heroin was being packaged for sale. (Appellant's brief p. 11). However, he asserts the State failed to prove that he had the dominion and control over the heroin necessary to

establish his constructive possession thereof to support his convictions. He argues the evidence would only support a conviction for visiting a common nuisance, a misdemeanor.

In reviewing the sufficiency of the evidence, the reviewing court neither weighs the evidence nor judges the credibility of the witnesses. *Traxler v. State* (1989), Ind., 538 N.E.2d 268. The reviewing court considers only the evidence favorable to the judgment, together with all reasonable inferences flowing therefrom, and if there is substantial evidence of probative value to support the judgment, it will not be disturbed. *Id.* The reviewing court looks only to the probative evidence supporting the verdict and the reasonable inferences therefrom to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Frias v. State* (1989), Ind., 547 N.E.2d 809, *cert. denied,* — U.S. —, 110 S.Ct. 1954, 109 L.Ed.2d 316. Reversal is only appropriate when reasonable persons would be unable to form inferences as to each material element of the offense. *Groves v. State* (1985), Ind.App., 479 N.E.2d 626.

Constructive possession is defined as the capability and intent to maintain control and dominion over the contraband. *Thomas v. State* (1973), 260 Ind. 1, 291 N.E.2d 557. If possession of the premises where the drugs are found is not exclusive knowledge of the presence of the substance and its character may not be reasonably inferred by the defendant's possession of or presence in the premises alone. *Id.* The inference of the defendant's knowledge of the drugs' presence and character must be supported by additional circumstances. *Id.* Additional circumstances from which such an inference may be drawn include 1) a manufacturing setting, 2) the proximity of the defendant to the drugs, 3) and whether the drugs are in plain view. *Id.*

---

**2.** Dormin is an over-the-counter sleep aid commonly used as a cutting agent for heroin.

**3.** Diphenhydramine is an over-the-counter antihistamine commonly used as a cutting agent for heroin.

▮ Knowledge of the presence and nature of narcotics may be inferred in a manufacturing situation even where the accused is not a tenant of the premises. *Ledcke v. State* (1973), 260 Ind. 382, 296 N.E.2d 412. The presence of heroin "mix" in close proximity to heroin supports an inference closely akin to that permissible in a manufacturing or processing setting. *Parson v. State* (1982), Ind.App., 431 N.E.2d 870.

Young was apprehended in a heroin processing setting. At the time of the raid, Wynn was pouring heroin through a funnel into a balloon. Dormin and diphenhydramine, agents commonly used to cut heroin, were found in the hotel room. As noted earlier, Young admits the State proved he was in a motel room where heroin was being packaged for sale.

Additionally, Young was in close proximity to the heroin and heroin was in plain view. Wynn was pouring heroin through a funnel into a balloon. On the dresser near where Young was sitting was an empty Dormin bottle containing twenty four (24) balloons filled with heroin. In an open drawer of the dresser, were two (2) bottles of Dormin, a cooker cap containing heroin residue, a bottle of diphenhydramine, and a billfold containing paraphernalia for packaging heroin.

We hold the evidence is sufficient to support the inference that Young was aware of the presence and character of the heroin in question to support a finding of his constructive possession thereof. Therefore, we find no error.

## II.

### Whether the trial court erred in enhancing Young's sentence?

Young asserts the trial court failed to provide a sufficient statement of reasons for enhancing his sentence. The trial court sentenced Young to twelve (12) years' imprisonment for dealing in heroin, a class B felony. Because the presumptive sentence for a Class B felony is 10 years, with not more than 10 years added for aggravating circumstances, the twelve (12) year sentence indicates the trial court enhanced Young's sentence by two (2) years. IND. CODE 35–50–2–5. During Young's sentencing hearing, the following colloquy took place:

> Court: The pre-sentence report tells me that Detective Draeszig is going to be here today. I don't see him.
>
> Mr. Nugent: I talked with Detective Draeszig this morning Your Honor on a different matter. He did not inform me that he would be coming today. I was not expecting him to be here.
>
> Court: Very well. All I know is that I read. What is the State's recommendation?
>
> \*     \*     \*     \*     \*     \*
>
> Court: Anybody else? Alright, because of the very, very, extensive nature of Mr. Young's prior criminal record, and I incorporate Pages 1, 2, 3 and the first part of Page 4, as showing aggravating circumstances as to both counts, on Count II he is sentenced to 4 years, Indiana Department of Corrections, executed. Count I, 12 years at the Indiana Department of Corrections, executed, concurrent. (R. p. 151, 152).

▮ When enhancing a presumptive sentence, the trial court must record a specific and individualized statement of its reasons for selecting the sentence it imposes. *St. John v. State* (1988), Ind., 523 N.E.2d 1353; IND.CODE 35–38–1–3(3). Findings of aggravating or mitigating circumstances are ultimate facts which require identification of subsidiary facts to support them. *Id.* The sentencing statement must contain 1) an identification of all significant mitigating and aggravating factors, 2) the specific reason why the circumstance is considered aggravating or mitigating, and 3) an evaluation and balancing of the mitigating circumstances against the aggravating circumstances to determine if the circumstances in aggravation offset the circumstances in mitigation. *Id.* However, in the absence of mitigating factors, the trial court's statement of reasons need not articulate the balancing process between aggravating and mitigating factors.

*Smith v. State* (1990), Ind.App., 549 N.E.2d 1101.

In *St. John, supra,* our supreme court held a sentencing statement insufficient where the trial court relied on the defendant's "prior record" to support an enhanced sentence in the absence of any indication that the court relied on a criminal history contained in a presentence report. Our supreme court noted that nothing in the record indicated that St. John had a prior record.

■ In the present case, the above colloquy taken in context indicates the trial court took into consideration and incorporated by reference relevant portions of the pre-sentence report into its sentencing statement. The portions of the report the trial court referred to, pages 1, 2, 3, and the first part of 4, constitutes Young's criminal history up until the present offenses which are listed beginning in the middle of page 4. (Presentence report, R. p. 34–37) This portion of the presentence report indicates that Young has prior convictions for Vehicle Theft, Burglary, Possession of Heroin, Violation of the 1935 Firearms Act, and Battery with Injury. (Presentence report; R. p. 35–37)

The presentence report relied on by the trial court contains more than sufficient support for the trial court's finding that Young had an extensive prior criminal record. We hold the trial court's sentencing statement that indicated it relied on and incorporated by reference Young's presentence report in its statement to be sufficient to support Young's enhanced sentence on the basis of his prior criminal record. Therefore, we find no error.

We vacate Young's conviction for the possession of heroin. In all other respects, we affirm.

BAKER and SULLIVAN, JJ., concur.