EDDIE DEAN GREGORY *v*. STATE OF INDIANA.

[No. 171S1. Filed January 9, 1973.]

653

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Michael Schaefer,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged with Robbery in violation of Acts of 1941, ch. 148, § 6, Burns Ind. Stat. Ann. § 10-4101 (1956 Repl.), IC 1971, 35-13-4-6. At the close of the State's case in chief, the trial judge directed a verdict of acquittal as to robbery, and the case was submitted to the jury upon the included theft offenses. He was convicted of theft, not from the person, of a sum less than $100.00, in violation of Acts of 1963 (Spec. Sess.), ch. 10, § 3, Burns Ind. Stat. Ann. § 10-3030 (1956 Repl.), IC 1971, 35-17-5-3 and Acts of 1963 (Spec. Sess.), ch. 10, § 12, Burns Ind. Stat. Ann. § 10-3039, IC 1971, 35-17-5-12, as a lesser included offense, and sentenced to imprisonment for not less than one nor more than five years and fined $500.00 and costs.

This appeal challenges the verdict as being contrary to law in that (1) the affidavit contains no allegation that the defendant "intended" to deprive the owner of the money allegedly taken, whereas such intent is an essential element of the crime, as defined by the statutes; and in that (2) the affidavit alleged that the money taken was the property of George Robertson, whereas the evidence disclosed that it, in fact, belonged to one Carolyn Alexander. The issues will be treated in that order.

The evidence, when viewed most favorably to the State, disclosed that the prosecuting witness, George Robertson, was approached, as he entered his automobile, first by Alfred Henry, a co-defendant, and immediately thereafter by the defendant, both of whom requested a ride. Henry was in the vehicle with Robertson, but the defendant was standing beside the vehicle. Henry brandished a pistol and said, "Hold it George, I don't want to hurt you." Whereupon, Robertson said, "Awe, man, what's this?" Henry said, "You know what it is," and began going through Robertson's pockets and asked where it was. Robertson replied, "Where's what at?", to which Henry answered, "The drugs." The defendant, during this time, was issuing instructions to Henry and said, "Well, have he got any money." Henry continued his search of Robertson, and found and took $106.00 from his pocket. Thereupon, Henry exited from the automobile and both he and the defendant ran away.

(1) Although the defendant, under this proposition, does not make a frontal attack, his argument is an oblique charge that theft is not an included offense in a charge of robbery, in that the "intent to deprive" is specified by statute as an element of theft but not as an element of robbery. We hold that in this case theft was a properly included offense in the robbery charged and that the failure to specifically allege an "intent to deprive" in the charging affidavit did not preclude a verdict of guilty of such lesser included offense.

Although the statute defining robbery does not use the word "intent", it is there by irrefutable inference. In Indiana, all crimes are statutory, but this does not render merely *malum prohibitum* those crimes that are, and always were, *malum in se*. That which is merely malum prohibitum, i.e. an offense only because prohibited by statute, does not require intent and knowledge, unless specified by the prohibiting statute. However, that which is malum in se, i.e. inherently and naturally evil as adjudged by the senses of a civilized society, is wrong and criminal by reason of such knowledge or intent; and such crimes taken over from the common law,—the traditional crimes, including robbery and theft—have always included the *mens rea* as an element. It follows, and has been so held, that the omission of such words as "knowingly" and "intent" from a statute defining a crime is not conclusive on whether or not guilty knowledge is an essential element of such crime. Whether or not criminal intent is an element of a statutory crime is a matter of statutory construction and must be determined in view of the legislative intent. Corpus Juris Secundum, *Criminal Law* § 30.

The statute prohibiting robbery, as well as the offense against property statutes, as they apply to thefts, are adoptive of the common law. Both require criminal intent and knowledge, whether specified by the wording of the statute or not.

Was the affidavit, set out below in pertinent parts adequate?

"BE IT REMEMBERED, That, on this day before me, NOBLE R. PEARCY Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came GEORGE ROBERTSON, JR. who, being duly sworn, upon his oath says that ALFRED HENRY and EDDIE DEAN GREGORY on or about the 8th day of APRIL, A.D. 1970, at and in the County of Marion in the State of Indiana, did then and there unlawfully, feloniously, forcibly by violence and putting GEORGE ROBERTSON, JR. in fear, take from the person and possession of the said GEORGE ROBERTSON, JR.,

money, then and there of the value of One Hundred Five Dollars ($105.00), in lawful money, which property the said GEORGE ROBERTSON, JR. then and there lawfully held in his possession and was then and there the property of GEORGE ROBERTSON, JR. then and there being . . . . . ."

We answer in the affirmative. As a charge of robbery, it was substantially in the words of the statute. The requisite felonious intent is inferred by the allegations of violence, putting in fear and taking from the person, just as it is inferred in the statute. What is the felonious intent inferred? Obviously, it is the intent to take the property, thereby depriving the owner of its use and possession. The intent requisite to the crime of theft then, is also requisite to the crime of robbery. Although not faced with the specific issue presented here, we have previously held a theft from the person to be an offense included in robbery. *Hitch* v. *State* (1972), 259 Ind. 1, 284 N. E. 2d 783. And under the case law prior to the adoption of the aforementioned Burns §§ 10-3030 and 10-3039, larcenies were held to be included in robbery. *Jacoby* v. *State* (1936), 210 Ind. 49, 199 N. E. 2d 563; *Hickey* v. *The State* (1864), 23 Ind. 21; *Rains* v. *The State* (1893), 137 Ind. 83, 36 N. E. 532.

In *Hamilton* v. *State* (1895), 142 Ind. 276, 41 N. E. 588, the information upon which the appellant was prosecuted for larceny was challenged for failure to allege that the money was taken with intent to deprive the owner of it. We there held that the allegation that the appellant did "unlawfully and feloniously take, etc." was the equivalent and that it supplied the criminal intent. We conclude that the statutory requisites of *force, violence, and fear* and the allegations of such in the affidavit likewise supply the requisite criminal "intent to deprive".

(2) It was not required that the evidence prove George Robertson to be the owner, in the title sense, of the money

taken from him. This point is clearly covered by statute. Acts of 1963 (Spec. Sess.), ch. 10, § 13, p. 10, 1972 Supp. Burns Ind. Stat. Ann. § 10-3040, IC 1971, 35-17-5-13, wherein it is declared that "owner" means a person, other than the actor, who has possession of or any other interest in the property involved, even though such interest or possession is unlawful, and without whose consent the actor has no authority to obtain or exert the complained of control over the property. Further, we have, on many occasions, held that to support a charge of larceny it need only be shown that possession of property was taken from one lawfully entitled thereto. *Sneed, Lockridge* v. *State* (1956), 235 Ind. 198, 130 N. E. 2d 32; *Rhoades* v. *State* (1946), 224 Ind. 569, 70 N. E. 2d 27; *Smith* v. *State* (1918), 187 Ind. 253, 118 N. E. 954.

The evidence disclosed not only that the money taken was not the property of the defendant but also that the prosecuting witness was in possession of the same and lawfully entitled thereto.

Finding no error, the judgment is affirmed.

Arterburn, C.J., and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 291 N. E. 2d 67.