JAMES GREELY *v*. STATE OF INDIANA.

[No. 1-373A55. Filed October 23, 1973.]

*Brent A. Barnhart, Allison and Barnhart,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Larry C. Gossett,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant James Greely (Greely) was charged by affidavit with having committed the felonies of second degree burglary and possession of a dangerous drug, Demerol. The State of Indiana dismissed the charge of second degree burglary and Greely was tried on the second charge.

The jury returned its verdict, finding Greely guilty of the offense of possession of a dangerous drug. Judgment was rendered thereon, with defendant being fined $500.00 and sentenced to 365 days at the Indiana State Farm, with credit being given for one day spent in confinement.

Motion to correct errors was timely filed and overruled by the court.

The facts are that the office of Dr. Carl Parker, M.D., located in Wingate, Indiana, was burglarized in the evening of December 1, 1971. A neighbor observed the car being used by the burglars and informed the police of the license number of that car. The car was subsequently discovered parked outside the residence of Greely and a search warrant was obtained. When the police arrived at the Greely residence with the search warrant the car was gone.

The Greely residence was searched pursuant to the warrant but no materials stolen from the doctor's office were discovered at any place inside the residence. At the time of the search there were several people present in the home, including Greely, his wife, one Douglas Miller, and three other

people. There is evidence that several other persons had been present in the home earlier that same evening.

When the search was expanded to the area surrounding the house, a plastic bag containing material taken in the burglary was found in the back yard of the Greely residence. Included in this material were two bottles clearly marked "Demerol." The police arrested Miller and Greely, charging them with burglary and possession of a dangerous drug.

The only question presented on this appeal is whether there was sufficient evidence to support the verdict and judgment of the trial court. Appellant contends that in order to be convicted of possession of a dangerous drug, the State must prove beyond a reasonable doubt that Greely was in control and possession of the material in question. It is obvious that Greely was not in physical possession of the drugs, as they were found in a plastic trash bag in the back yard of the residence. Thus, the evidence must show that the substance in question was within the constructive possession of Greely before he could be found guilty of the offense charged.

Constructive possession has been held to require an intent and capability to maintain control and dominion over the material in question. Our Supreme Court, in the case of *Thomas* v. *State* (1973), 260 Ind. 1, 291 N.E. 2d 557, quoted the Colorado Supreme Court as follows:

"... In *Feltes et al.* v. *People of Colorado* (1972), Colo., 498 P. 2d 1128, 1131, the Court stated:

'A conviction of illegal possession may be based upon evidence that the marijuana, while not found on the person of the defendant, was in a place under his dominion and control. *Duran* v. *People*, 145 Colo. 563, 360 P. 2d 132; *Gonzales* v. *People*, 128 Colo. 522, 264 P. 2d 508. If possession is established, knowledge of the character of the drug and the fact that it is possessed can be inferred therefrom. [citation omitted.] Possession need not be exclusive and the substance can be possessed jointly by a person and another without a showing that the person had actual physical control thereof.' "

It is obvious that to have constructive possession one must have some knowledge that the material is present.

Constructive possession was discussed in Judge Jackson's dissenting opinion in the case of *Von Hauger* v. *State* (1970), 254 Ind. 297, 258 N.E.2d 847, as follows:

> ". . . While possession may be either actual or constructive, for the element of possession to be established it must be proven beyond a reasonable doubt that the person charged with possession of a narcotic could knowingly exercise dominion or control over it. *Amaya* v. *United States* (10 Cir. 1967), 373 F. 2d 197.
>
> However mere presence in the vicinity of the narcotic is insufficient to establish possession. *Amaya* v. *United States, supra.*"

Greely, by virtue of being in control of his residence, was in control of the yard surrounding the home. This does raise an inference that Greely was in control of the drugs, as they were found in the back yard. However, it is not the law that a home owner is criminally liable for possession of everything on the grounds of his home. There must be some evidence to show that he had at least some knowledge of the presence of the material. The Colorado Supreme Court went on, in *Feltes, supra,* to say:

> "However, where a person is in possession, but not in exclusive possession of the premises, it may not be inferred that he knew of the presence of marijuana there and had control of it unless there are statements or other circumstances tending to buttress the inference. *Evans* v. *United States,* 9 Cir., 257 F. 2d 121; *People* v. *Antista,* 129 Cal. App. 2d 47, 276 P. 2d 177. . . ."

Greely was in possession of the premises jointly with his wife. There is evidence that many people were in and out of the house during the evening in question.

In the case at bar we are dealing only with circumstantial evidence. The only evidence linking Greely with the material in question in the back yard comes from the statements by Officer Bishop, a deputy sheriff in Montgomery County, Indi-

ana. Officer Bishop was part of the police force that searched the Greely residence. On cross examination Officer Bishop was asked about a lie detector test that was given to Douglas Miller, who had been arrested and charged with burglary and possession of a dangerous drug and had subsequently entered a plea of guilty to those charges.

There is nothing in the record to show the dates of this. There is nothing in the record to show if he was confined or at liberty at the time of Greely's trial, where the State subpoened him only to have the subpoena returned, showing him not in the bailiwick. Mr. Miller did not testify.

Officer Bishop was asked on cross examination:

"Did he [Miller] have cause to mention where he placed there—those drugs?"
A. "As I recall, he said, he had taken the bag into the house and later taken them outside where they were found."

On redirect examination by the Prosecuting Attorney Officer Bishop was asked the question:

"Did he say that he showed it [the plastic bag with drugs] to everybody in the house?"
A. "As I recall, he did say that everyone in the house knew what he had and where it came from."

The burden was upon the State to prove beyond a reasonable doubt that Greely was in his home and heard Miller say that there were drugs in the plastic bag of loot from the doctor's office. The evidence of the deputy sheriff does not show with any degree of exactness that Greely was in the presence of Miller at the time the contents of the bag were identified and could have heard him. Miller could have proved this had it been true and had Miller been a witness.

There is no evidence that Miller informed anyone in the house that he was going to hide the bag in the back yard or anywhere else. The evidence simply shows that Miller thought everyone in the house knew what he had and where it came from. There is no evidence that "everyone" in the house

would necessarily have included the defendant, Greely. Although Greely was present at the time of the search, there is no evidence that he was definitely in Miller's presence at the time Miller allegedly told "everyone" in the house what he had. There was a time lapse of three or four hours between the burglary of the doctor's office and the warranted search.

As stated above, this conviction is based on circumstantial evidence. The test to be used in circumstantial evidence is stated in the case of *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554, as follows:

> ". . . Where the sufficiency of circumstantial evidence is in question, we examine it carefully, not for the purpose of finding whether or not it is adequate to overcome every reasonable hypothesis of innocence, but with the view of deciding whether an inference may be reasonably drawn therefrom tending to support the finding of the trial court. . . ."

A conviction may be supported solely on circumstantial evidence and the test is whether the circumstantial evidence and reasonable inferences therefrom have sufficient probative value to affirm the judgment. *Glover* v. *State* (1973), 157 Ind. App. 532, 300, N.E.2d 902.

In this case there is evidence that would raise suspicion but the evidence or any reasonable inference deduced therefrom is not sufficient, in our opinion, to prove beyond a reasonable doubt that Greely was in constructive possession of the material in question. There is no evidence or inference therefrom which would establish beyond a reasonable doubt that Greely knew of the presence of the drug or knew that it had been deposited in his back yard.

The evidence does raise an aura of suspicion of guilt, but such evidence is not sufficient to sustain the conviction, *Dunn* v. *State* (1973), 260 Ind. 142, 293 N.E.2d 32.

We find from the above that the evidence in this cause is insufficient to sustain a conviction and therefore the verdict and judgment are contrary to law.

Judgment reversed and cause remanded for a new trial. Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 301 N.E.2d 850.