Timothy Alton EDWARDS,
Defendant-Appellant,

v.

STATE of Indiana, Appellee.

No. 1–678 A 145.

Court of Appeals of Indiana,
First District.

Feb. 13, 1979.

John Burley Scales, Phillips & Long, Boonville, for defendant-appellant.

Theo. L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellee.

LOWDERMILK, Judge.

## STATEMENT OF THE CASE

Timothy Alton Edwards appeals from his conviction for the possession of a controlled substance, to wit: amphetamines.

## FACTS

The facts most favorable to the State are as follows: In the early morning hours of October 26, 1976 a search warrant was obtained because, based on information received from a young woman who had been there, the police had probable cause to suspect that controlled substances were being kept on the premises at 308 Cherry Street, Apartment D, in the city of Evansville. At 5:00 a. m. police sergeants Sprinkle, Brinkley, Mattingly, Bard and Detective Wazny, who was a female police officer, went to 308 Cherry Street, Apartment D, where they knocked on the door and announced themselves as police officers. When no one answered the door, the police broke down the door and entered the apartment.

Upon entering the apartment the policemen saw Edwards standing near a sofa with a gun pointed at them. When Edwards saw the policemen he dropped the gun on the sofa and submitted to their authority. Edwards lived in the apartment with his brother Mike Edwards. Mike's girl friend, Lisa Duvall, had also been living in the apartment for approximately one week.

At the time the police entered the apartment Mike was at work and Lisa was in the bedroom asleep. After reading the contents of the search warrant to Tim Edwards the police searched the apartment. In the search the police found some green and white pills in the butter compartment of the refrigerator, a substance which appeared to be marijuana, and a substance which appeared to be opium. Both Tim Edwards and Lisa Duvall were arrested for possession of controlled substances. At trial Tim Edwards was convicted of possession of a controlled substance, to wit: amphetamines, and Duvall was acquitted.

## ISSUES

Edwards brings this appeal and presents the following issues:

1. Whether the evidence herein was sufficient to support Edwards' conviction?

2. Whether the trial court erred in failing to grant Edwards' motion to suppress evidence?

3. Whether the trial court erred in admitting into evidence State's Exhibits Nos. 2 and 3 over Edwards' objection?

4. Whether the trial court erred in denying Edwards' motion for a mistrial on the grounds of prosecutorial misconduct occurring during closing argument?

## DISCUSSION AND DECISION

■ Edwards contends that the evidence most favorable to the State is insufficient to support his conviction in that the evidence does not show that he had either actual or constructive possession of the amphetamines which were in the butter compartment of the refrigerator.

It is obvious that the evidence in the case at bar is insufficient to show actual physical possession. Therefore, if we are to affirm the judgment of the trial court, we must find that the evidence reasonably supports the conclusion that Edwards constructively possessed the amphetamines which were discovered in the butter compartment of the refrigerator.

In *Greely v. State*, (1973) 158 Ind.App. 212, 301 N.E.2d 850, 851–852, where drugs were confiscated from the defendant's back yard, this court stated:

"Constructive possession has been held to require an intent and capability to maintain control and dominion over the material in question. Our Supreme Court, in the case of *Thomas v. State* (1973), [260] Ind. [1], 291 N.E.2d 557, quoted the Colorado Supreme Court as follows:

'. . . In *Feltes et al. v. People of Colorado* (1972), [178] Colo. [409], 498 P.2d 1128, 1131, the Court stated:

"A conviction of illegal possession may be based upon evidence that the marijuana, while not found on the person of the defendant, was in a place under his dominion and control. *Duran v. People*, 145 Colo. 563, 360 P.2d 132; *Gonzales v. People*, 128 Colo. 522, 264 P.2d 508. If possession is established, knowledge of the character of the drug and the fact that it is possessed can be inferred therefrom. [citation omitted.] Possession need not be exclusive and the substance can be possessed jointly by a person and another without a showing that the person had actual physical control thereof." '

It is obvious that to have constructive possession one must have some knowledge that the material is present.

\* \* \* \* \* \*

Greely, by virtue of being in control of his residence, was in control of the yard surrounding the home. This does raise an inference that Greely was in control of the drugs, as they were found in the back yard. However, it is not the law that a home owner is criminally liable for possession of everything on the grounds of his home. There must be some evidence to show that he had at least some knowledge of the presence of the material. The Colorado Supreme Court went on, in *Feltes, supra*, 498 P.2d at 1131, to say:

'However, where a person is in possession, but not in exclusive possession of the premises, it may not be inferred that he knew of the presence of marijuana there and had control of it unless there are statements or other circumstances tending to buttress the inference. *Evans v. United States*, 9 Cir., 257 F.2d 121; *People v. Antista*, 129 Cal.App.2d 47, 276 P.2d 177. . . .' "

In the case at bar Tim Edwards was in possession of the premises but not in exclusive possession. Therefore, the State had to present other evidence from which the reasonable inference could be drawn that Tim Edwards knew of the amphetamines and had control of them. This the State failed to do.

Edwards made no incriminating statements; he made no attempt to flee; he made no attempt to get to the refrigerator to destroy or hide the drugs. As soon as Edwards saw that the persons who were beating down his door were policemen, he threw down his gun and readily submitted to their authority. That someone placed the amphetamines in the butter compartment of the refrigerator, we have no doubt. But there is absolutely no evidence which reasonably tended to link Tim Edwards with the amphetamines found in the butter compartment of the refrigerator. There was testimony that a party was held on the premises on October 24, 1976, where several people had access to the refrigerator. There was also testimony that the butter compartment was not used by the Edwards or Duvall in that they used margarine which was packaged in a container which would not fit into the butter compartment.

The facts in the case at bar are distinguishable from the cases cited by the State: In *Jones v. State,* (1975) 163 Ind.App. 454, 324 N.E.2d 828, the issue of non exclusive control of the premises was not presented; in *Phillips v. State,* (1974) 160 Ind.App. 647, 313 N.E.2d 101, drugs were found in the back seat of a police car under such circumstances, that no one other than the defendant could have placed them there; in *Thomas v. State,* (1973) 260 Ind. 1, 291 N.E.2d 557, the defendant and another person were found seated at a kitchen table with two open foils which contained heroin right in front of them; in *Smith v. State,* (1975) Ind.App., 330 N.E.2d 771, again drugs were found in the dressing room of a department store under such circumstances that no one other than the defendant could have left them there; in *Cooper v. State* (1976) Ind. App., 357 N.E.2d 260, the defendant who

had needle marks on his arms, had just exited a car which he had been driving and which contained two other passengers, when a needle and some heroin were found in plain view on the driver's side of the front seat; and in *Thurman v. State,* (1974) 162 Ind.App. 267, 319 N.E.2d 151, the defendant confessed that 85 packets of heroin which were found in his pillow were his. In each of the cases which the State cited either the nonexclusive control of the premises was not in issue or there were circumstances, other than mere presence on the scene where drugs were kept, which gave rise to the reasonable inference that those drugs were being constructively possessed by the defendant in that case. In the case at bar such "other circumstances," if they exist, are not in evidence.

As in *Greely, supra,* the evidence does raise an aura of suspicion of guilt, but such evidence is not sufficient to sustain the conviction. See *Dunn v. State,* (1973) 260 Ind. 142, 293 N.E.2d 32. We therefore, hold that, as a matter of law the evidence is insufficient to show that Tim Edwards was in possession of a controlled substance. In view of our holding in the case at bar it is not necessary for us to discuss any of the other allegations of error.

Judgment reversed.

LYBROOK, P. J., and ROBERTSON, J., concur.