**Wendell SATTERFIELD,**
**Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–1283A397.**

Court of Appeals of Indiana,
First District.

Sept. 20, 1984.

Rehearing Denied Oct. 24, 1984.

---

Forrest Bowman, Jr., Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Latrialle Wheat, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Wendell Satterfield (Satterfield) was convicted by a Pike Circuit Court jury of possession of two bombs in violation of IND.CODE 35–23–3–1, a Class C felony. On appeal he assigns six errors; however, because of our reversal of the case on the basis of Issue I regarding the sufficiency of the evidence, we will not address the other issues.

## STATEMENT OF THE FACTS

The facts necessary for this opinion are undisputed. On July 10, 1982, at 7:00 p.m., law enforcement officers executed a search warrant issued for a search for suspected guns and ammunition in connection with an unrelated offense in a residence owned and occupied by only Satterfield and his wife, Ann M. Satterfield. In a drawer of a desk in a room characterized by the officers as a den, two home-made black gun powder bombs were found. The bombs formed the basis for the charge here. Also seen, but not confiscated, was a book called the *Anarchist Cook Book*, which described how bombs are made. No one was home at the time of the search, and the officers gained entrance to the residence by breaking down a door. Conviction rested upon the above evidence, and there was no further evidence as to the origin of the bombs or the ownership or control of them by Satterfield.

## DISCUSSION AND DECISION

The statute upon which conviction rests, IND.CODE 35–23–3–1, reads as follows:

"A person who owns or possesses:
(1) a machine gun; or
(2) a bomb loaded with either explosives or dangerous gases
commits a Class C felony."

At the onset, it is emphasized that the words customarily employed in criminal statutes, "knowingly or intentionally", are not included in the above statute. Satterfield argues that the facts recited in the statement of facts are not sufficient to establish his constructive possession of the bombs.

It is firmly established by Indiana cases construing possession under the controlled substance acts that conviction of possession of controlled substances can be supported by proof of either actual or constructive possession. Where the contraband is found in a premises exclusively controlled by the defendant, an inference is permitted that he had constructive possession of any drugs found therein. The element of knowledge can reasonably be inferred from the exclusive control of the premises. However, when the possession and control of the premises is non-exclusive, the inference is not permitted; it may not be inferred that the defendant knew of the presence of the drug and had control of it unless there is a showing of other cir-

cumstances or statements tending to buttress such an inference. There must be some additional evidentiary link apart from the non-exclusive control of the premises to permit the inference of knowledge. *Martin v. State*, (1978) 175 Ind.App. 503, 372 N.E.2d 1194; *Greely v. State*, (1973) 158 Ind.App. 212, 301 N.E.2d 850; *Edwards v. State*, (1979) 179 Ind.App. 363, 385 N.E.2d 496; *Pier v. State*, (1980) Ind.App., 400 N.E.2d 209. *Greely* added:

> "Constructive possession has been held to require an intent and capability to maintain dominion and control over the material in question.

> \* \* \* \* \* \*

> It is obvious that to have constructive possession one must have some knowledge that the material is present."

*Greely, supra*, 301 N.E.2d at 851–52.

The non-exclusive possession concept has been applied to brothers (*Edwards*), husband and wife (*Martin*), and defendant and girlfriend (*Pier*).

The State does not, however, challenge these authorities, but attempts a different tactic. It argues that the above cases were decided on the basis of a controlled substance statute, IND.CODE 35–48–4–6, which uses the words "knowingly or intentionally" in proscribing the conduct. IND. CODE 35–23–3–1 fails to include the words "knowingly or intentionally"; therefore, proof of intent is not necessary, because the statutory provision does not so require. The State cites *Roberts v. State*, (1979) Ind.App., 395 N.E.2d 802, in support of its argument. *Roberts* involved the violation of the driving with a suspended license statute. The State contends that where, as in *Roberts*, the offense is merely malum prohibitum and not malum in se, proof of intent or mens rea is not required. *Gregory v. State*, (1973) 259 Ind. 652, 291 N.E.2d 67. Therefore, it concludes, the above-cited cases, *Martin* et al, are not applicable here.

The State also cites subsection (b) of IND.CODE 35–41–2–1. The entire section reads as follows:

> "(a) A person commits an offense only if he voluntarily engages in conduct in violation of the statute defining the offense. However, a person who omits to perform an act commits an offense only if he has a statutory common-law, or contractual duty to perform the act. (b) If possession of property constitutes any part of the prohibited conduct, it is a defense that the person who possessed the property was not aware of his possession for a time sufficient for him to have terminated his possession."

It then contends that the burden of proof, or at least the burden of going forward with the evidence, rests upon Satterfield to show that he was unaware of the presence of the bombs. Since he did not carry his burden, he cannot now complain of his conviction. For its proposition, the State cites only *Jackson v. State*, (1982) Ind.App. 441 N.E.2d 29 which casts upon the defendant the burden of going forward with evidence of the defense of entrapment.

Absence of the word "intent" from the statute is not conclusive. In *Gregory v. State*, the court said:

> "Although the statute defining robbery does not use the word "intent", it is there by irrefutable inference. In Indiana, all crimes are statutory, but this does not render merely malum prohibitum those crimes that are, and always were, malum in se. That which is merely malum prohibitum, i.e. an offense only because prohibited by statute, does not require intent and knowledge, unless specified by the prohibiting statute. However, that which is malum in se, i.e. inherently and naturally evil as adjudged by the senses of a civilized society, is wrong and criminal by reason of such knowledge or intent; and such crimes taken over from the common law,—the traditional crimes, including robbery and theft—have always included the mens rea as an element. It follows and has been so held, that the omission of such words as "knowingly" and "intent" from a statute defining a crime is not conclusive on whether or not guilty knowledge is an essential element of such crime.

Whether or not criminal intent is an element of a statutory crime is a matter of statutory construction and must be determined in view of the legislative intent."

*Gregory, supra,* 259 Ind. at 655, 291 N.E.2d 67.

In *Malich v. State,* (1929) 201 Ind. 587, 169 N.E. 531, our supreme court analyzed a prohibition statute which, like the instant statute, did not contain the words "knowingly and intentionally": "it shall be unlawful for any person to ... possess ... any intoxicating liquor." The court construed the elements of the offense in regard to the requirement of knowledge:

"Appellant correctly maintains that a person cannot be guilty of the crime of possessing intoxicating liquor unless he *knows* or is conscious thereof." (Emphasis supplied).

*Malich, supra,* at 588, 169 N.E. 531.

We believe that this rationale exists in IND.CODE 35–41–2–1(a) and governs this case.

 Certain affirmative defenses involve the shifting of the burden of proof of the affirmative defense to the defendant. *E.g.,* insanity (IND.CODE 35–41–4–1); entrapment (defendant must go forward with evidence, *Jackson v. State, supra. See Silva v. State,* (1980) Ind.App., 410 N.E.2d 1342); intoxication (*Hoy v. State,* (1983) Ind.App., 448 N.E.2d 31). When self defense is pleaded, though, the burden of proof remains with the State to negate the defense beyond a reasonable doubt. *Palmer v. State,* (1981) Ind. 425 N.E.2d 640. No case is cited, and we have found none, which holds that the burden of proof of an element of an offense is shifted to the defendant. As is stated in *Smith v. State,* (1969) 252 Ind. 425, 249 N.E.2d 493:

"It has long been the fundamental law of Indiana that the burden of proof in a trial never shifts to the defendant. The state must establish beyond a reasonable doubt all necessary elements of the crime."

*Smith, supra,* at 438, 249 N.E.2d 493. *See also Thompson v. State,* (1980) Ind.App., 400 N.E.2d 1151; *Rosell v. State,* (1976) 265 Ind. 173, 352 N.E.2d 750.

Finally, *Williams v. State,* (1969) 253 Ind. 316, 253 N.E.2d 242, cited by Satterfield, discusses the meaning of the word "possession":

"The terms *control* and *possession* are not precisely synonymous although they do have common elements in their meanings. Webster's International Dictionary gives the legal definition of possession as 'one who has physical control of the thing and holds it for himself'. All the definitions contained in recognized law dictionaries indicate that the element of custody and control is involved in the term possession. *State v. Virdure,* (Mo. 1963), 371 S.W.2d 196. Possession of a thing means having it under one's control or under one's dominion. *United States v. Malfi,* (3 Cir.1959), 264 F.2d 147. A person who is in possession of a chattel is one who has physical control with the intent to exercise such control on his own behalf. *New England Box Co. v. C & R Const. Co.,* (1943), 313 Mass. 696, 49 N.E.2d 121, 150 A.L.E. 152. Possession involves a present or, in case of constructive possession, a past ability to control the thing possessed plus an intent to exclude others from such control. *State ex rel. Edie v. Shain,* (1941), 348 Mo. 119, 152 S.W.2d 174. For additional definitions of the word *possession* see, 72 C.J.S., p. 233; also see "Possession" (control, care or custody), 33 Words and Phrases, p. 80; and "Custody" (charge, control or possession) 10A Words and Phrases, p. 500."

*Williams, supra,* at 321, 253 N.E.2d 242.

 Clearly, the word "possess" encompasses within its meaning the elements of volition, intent and conscious knowledge, and these words are element of the offense here. The authority of *Martin v. State, supra,* and other cited cases is applicable. The prosecution made no showing through statements or admissions of the origin of the bombs that Satterfield personally pos-

sessed the items, or that he made efforts to hide them. There was not even any showing that the room, or desk, in which the bombs were found was habitually used by Satterfield. In short, there was simply no additional evidentiary link, apart from the non-exclusive possession, to show constructive possession.

For the above reasons, this cause is reversed and the trial court is directed to discharge Satterfield.

Judgment reversed.

ROBERTSON and RATLIFF, JJ., concur.