**James McCLURG, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 01A04–9208–CR–297.

Court of Appeals of Indiana,
Fourth District.

July 12, 1993.

Richard J. Thonert, Romero & Thonert, Auburn, for appellant-defendant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

CHEZEM, Judge.

*Case Summary*

Defendant–Appellant, James McClurg (McClurg), appeals from his conviction for Possession of Marijuana, a Class A misdemeanor. We affirm.

## Issue

McClurg presents one issue for our review, which we restate as follows:

Whether there was sufficient evidence to show McClurg knowingly or intentionally grew or cultivated marijuana in violation of I.C. § 35–48–4–11(2).

## Facts and Procedural History

The facts most favorable to the judgment indicate on June 10, 1991, McClurg's wife, Jennifer, reported marijuana growing behind her home to the Adams County Sherriff's Department. McClurg had resided at a separate residence since early May, 1991. The officer testified that Jennifer told him the marijuana had been cultivated by her husband. R. 40. A neighbor testified that McClurg phoned her on the evening of June 10, 1991 and requested that she pull his marijuana plants before the police arrived. R. 67. McClurg denies contacting his neighbor and also denies any connection with the marijuana plants.

## Discussion and Decision

In reviewing a challenge to the sufficiency of the evidence, we will neither reweigh the evidence nor judge the witnesses' credibility. *Jones v. State* (1992), Ind., 589 N.E.2d 241, 242. We shall affirm a conviction if, considering the evidence which supports the judgment and all reasonable inferences from it, there is substantial evidence of probative value to support the conclusions of the fact-finder. *Id.*

I.C. § 35–48–4–11(2) states, in pertinent part: "A person who: (2) knowingly or intentionally grows or cultivates marijuana commits possession of marijuana ..., a Class A misdemeanor." McClurg argues that because he did not maintain exclusive control over the marijuana, he cannot be convicted under the statute.

We have held that when an accused does not have exclusive control of premises it may not be inferred that he knew of the presence of drugs therein and had control of them, unless there are other incriminating statements or circumstances tending to support such an inference. *Smith v. State* (1987), Ind.App., 505 N.E.2d 81.

There must be some additional evidentiary link apart from the non-exclusive control of the premises to permit the inference of knowledge. *Satterfield v. State* (1984), Ind.App., 468 N.E.2d 571, 573, *reh. denied, trans. denied; see also, Jackson v. State* (1992), Ind.App., 588 N.E.2d 588, 591.

McClurg relies on our reasoning in *Pier v. State* (1980), Ind.App., 400 N.E.2d 209, in support of his proposition that he did not have dominion and control over the marijuana plants. In *Pier*, the accused was arrested for possession of marijuana found in his home. We reversed the conviction because the accused had been in jail for two days prior to the time marijuana was found in his residence. Additionally, he shared his residence with others. However, unlike the situation in *Pier*, there are additional, independent evidentiary links which connect McClurg to the marijuana. Jennifer's neighbor testified that McClurg phoned her and asked her to pull his marijuana plants before the police arrived. The police officer testified that McClurg's wife told him the plants belonged to McClurg.

Additionally, we held in *Pier* that "constructive possession requires the showing of an *intent* and *capability* to maintain control and dominion over the material in question." *Id.* at 210. It is clear from the record that McClurg intended to maintain control and dominion over the marijuana plants. And unlike the accused in *Pier*, McClurg was capable of doing such. Moreover, McClurg had access to the plants because he visited the residence every evening.

McClurg directs us to his wife's testimony in which she states she never saw McClurg with the plants and that she reported him in a fit of anger. In essence, McClurg invites us to pass on the credibility of the witnesses. We decline his invitation. We will not invade the purview of the trial court, absent an abuse of discretion.

Affirmed.

MILLER and SHIELDS, JJ., concur.