Kevin L. HICKS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–9209–CR–295.

Court of Appeals of Indiana,
Third District.

March 8, 1993.

Daniel G. Pappas, Arata & Strunk, Fort Wayne, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Kevin L. Hicks appeals his conviction for possession of cocaine, a Class D felony.

The facts favorable to the judgment disclose that at approximately 1:30 A.M. on May 1, 1991, Officers Jay Thompson and Robert Kirby of the Fort Wayne Police Department were on routine patrol when they observed a group of people in the parking lot of a closed business. The officers pulled their squad car into the parking lot, at which time the group broke up. Officer Thompson saw appellant walk away and drop a small brown paper package on the ground. After advising Officer Kirby to retrieve the package, Officer Thompson followed appellant. When Officer Kirby observed what he believed to be crack cocaine in the package, he motioned Officer Thompson to stop appellant.

The officers handcuffed appellant and placed him in the squad car. During the drive to the station, appellant laughed and said, "I didn't think you saw me." The police arrested appellant after a test on the contents of the package confirmed the presence of cocaine.

Appellant raises two issues for review:
(1) whether the trial court erred in denying appellant's motion to suppress evidence and allowing the State's witnesses to testify regarding a statement he made during transport; and
(2) whether the evidence was sufficient to sustain appellant's conviction for possession of cocaine.

■ Appellant contends the trial court erred in denying his motion to suppress evidence and allowing the State's witnesses to testify regarding an incriminating statement he made during transport to the police station. At trial, appellant objected to the evidence on foundational grounds; however, on appeal, he claims the alleged statement was inadmissible because the police had not advised him of his *Miranda* rights. A party may not object on one basis at trial and argue a different basis on appeal; therefore, appellant has waived any error regarding the admissibility of his statement. *See Brown v. State* (1992), Ind. App., 587 N.E.2d 693, 703.

■ Notwithstanding appellant's waiver of error, his contention lacks merit. The admissibility of a statement or confession is controlled by determining whether it was made voluntarily and not through inducement, violence, threats, or other improper influences so as to overcome the free will of the accused. *Warner v. State* (1991), Ind., 579 N.E.2d 1307, 1309. The question of voluntariness is for the trial court to decide based upon the totality of circumstances. *Id.* Under the *Miranda* doctrine, a statement which is the product of custodial interrogation is inadmissible unless the *Miranda* warnings were given. *Pasco v. State* (1990), Ind., 563 N.E.2d 587, 593. Custodial interrogation refers to questioning initiated by law enforcement officials after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Id.*

■ Due to the fact that appellant was handcuffed and in the back of a police car at the time of his statement, the State concedes that he was in custody. However, as the State notes, according to the testimony of the police officers as well as appellant at the motion to suppress hearing, the police did not interrogate him at any time during the drive. Officer Kirby did testify that he asked appellant his name and date of birth; however, an officer may ask routine questions for the purpose of obtaining basic identifying information without giving *Miranda* warnings. *Id.* Where, as here, a defendant is in custody but makes a wholly volunteered and unsolicited statement, *Miranda* is not applicable. *State v. Bowen* (1986), Ind.App., 491 N.E.2d 1022, 1044. The trial court did not err in denying the motion to suppress or admitting the testimony of the police officers.

■ Appellant also maintains the evidence was insufficient to sustain his conviction for possession of cocaine. When reviewing a claim of insufficient evidence, this Court neither reweighs the evidence nor rejudges the credibility of witnesses. Rather, it looks only to the evidence favorable to the judgment and any reasonable inferences therefrom. If there was sufficient evidence of probative value to support a finding of guilt beyond a reasonable

doubt, this Court will affirm the conviction. *Fassoth v. State* (1988), Ind., 525 N.E.2d 318, 325.

IND.CODE § 35–48–4–6(a) (1988 Ed.) defines the offense of possession of cocaine as follows:

> "A person who, without a valid prescription or order of a practitioner acting in the course of his professional practice, knowingly or intentionally possesses cocaine (pure or adulterated) or a narcotic drug (pure or adulterated) classified in schedule I or II commits possession of cocaine or a narcotic drug, a Class D felony . . . ."

Because he did not have the cocaine in his possession at the time Officer Thompson stopped him, appellant argues that the State's case is one of constructive possession and that the State failed to prove he had exclusive control over the parking lot. However, Officer Thompson testified that he saw appellant drop a small brown package on the ground, and Officer Kirby testified that he retrieved the package. Officer Kirby also testified that even though the ground was wet, the package was dry. This evidence along with appellant's statement, "I didn't think you saw me," was sufficient to sustain appellant's conviction for possession of cocaine.

Affirmed.

STATON and ROBERTSON, JJ., concur.