**Anthony BROWN, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–0011–CR–477.

Court of Appeals of Indiana.

May 7, 2001.

Amy L. Dell, Indianapolis, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBERTSON, Senior Judge

### STATEMENT OF THE CASE

Defendant–Appellant Anthony Brown ("Brown") appeals from his conviction after a trial by a jury of carrying a handgun without a license; Ind.Code § 35–47–2–1. The conviction was enhanced to a class C felony because of a prior conviction.

We reverse and remand for a new trial.

### ISSUES

Brown raises several issues; however, we only address the following dispositive issue stated by Brown as:

Whether the trial court committed reversible error when it admitted irrelevant and highly prejudicial evidence of prior crimes, wrongs, or acts.

### FACTS

A review of the facts most favorable to the judgment shows that during the early morning hours of February 18, 1999, Officer Gray observed a slowly moving or stopped car. Gray circled the block and found that the car was almost at the same location. When the driver of the car made a turn without using a turn signal, Gray stopped the car.

Gray approached the car on the passenger side where he saw a person, later identified as Brown, leaning forward and reaching underneath the seat. Gray also saw the driver's side rear-seat passenger reaching into a pouch on the back of the driver's seat. As the four occupants of the car were getting out, Gray saw a shotgun barrel, a roll of duct tape, and a ski mask. Police later found a handgun beneath the front passenger seat where Brown had been sitting. Another handgun was found in the pouch on the back of the driver's seat of the car, as well as three other ski masks. No one in the car possessed a license to carry a handgun.

Brown filed a motion in limine to exclude evidence or testimony relating to the shotgun, ski masks, and the duct tape, among other things. The motion was denied. At trial, Brown made relevancy objections to this evidence (Ind. Evid. Rule 401, 402, and 403), and an objection based upon evidence of other crimes, wrongs, or acts (Ind. Evid. Rule 404(b)). This motion was denied, as well as Brown's motion for a mistrial, also based on admission of this evidence.

### DISCUSSION AND DECISION

Brown made a timely objection to the introduction into evidence of the shotgun and to the testimony relating to the duct tape and the ski masks. This is the evidence that comes under scrutiny in our decision.

*Sanders v. State,* 724 N.E.2d 1127, 1130–31 (Ind.Ct.App.2000), sets the stage for our review of the issue:

The evidentiary rulings of a trial court are afforded great deference and are

68

reversed on appeal only upon a showing of an abuse of discretion. Rule 404(b) provides that evidence of other crimes, wrongs, or acts is inadmissible when offered to prove the character of a person or show action in conformity therewith ... The effect of this rule, then, is that evidence is excluded to prove the "forbidden inference" of demonstrating the defendant's propensity to commit the charged crime. Evidence of uncharged misconduct which is probative of the defendant's motive and which is "inextricably bound up" with the charged crime is properly admissible under Rule 404.

An analysis of admissibility under Rule 404(b) necessarily incorporates the relevancy test of Rule 401 and the balancing test of Rule 403. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. The trial court has the discretion to admit even marginally relevant evidence. Only where the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needless presentation of cumulative evidence will that evidence be excluded. The trial court has wide latitude in weighing the probative value of the evidence against the possible prejudice of its admission. We review the trial court's balancing decision under Rule 403 for an abuse of discretion. (Citations omitted.)

■ The admission of physical evidence is governed by the same rules of relevancy and materiality that govern the admission of testimonial evidence. *Rafferty v. State*, 610 N.E.2d 880, 883 (Ind.Ct. App.1993). In determining whether evidence is relevant and admissible, this court must determine whether the evidence tends to prove or disprove a material fact in the case or sheds any light on the guilt or innocence of the accused. *Carnahan v. State*, 681 N.E.2d 1164, 1166 (Ind.Ct.App. 1997). An abuse of discretion involves a decision that is clearly against the logic and effect of the facts and circumstances before the court. *Hanna v. State*, 726 N.E.2d 384, 387 (Ind.Ct.App.2000).

Before applying the foregoing to the facts of this case, we note the State's argument that the evidence under consideration here does not constitute a crime, wrong, or prior bad act. The merits of that argument notwithstanding, we must conclude that the evidence was not relevant.

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence. Evid. R. 401.

Ind.Code § 35–47–2–1 states that, "a person shall not carry a handgun in any vehicle or on or about his person ... without a license...."

■ The shotgun, the duct tape, and the ski masks had no relevancy to the issue of Brown's guilt or innocence on the charge of possessing an unlicensed handgun, nor do they prove or disprove any material fact in this case. *See Lycan v. State*, 671 N.E.2d 447, 454 (Ind.Ct.App.1996). There could be instances where such evidence would have been relevant, a burglary or robbery charge for instance, but they do not prove either the guilt or innocence of Brown on the handgun possession charge, nor do they tend to prove or disprove a material fact within the factual context of this case.

Even assuming that the complained of evidence has but a scintilla of relevancy, we are compelled to determine that the evidence was prejudicial because the probative value was outweighed by the danger of unfair prejudice, by causing confusion of the issues, and misleading to the jury. *See* Evid. R. 403. Courts will look for the danger that the jury will substantially overestimate the value of such evidence. *Evans v. State*, 643 N.E.2d 877, 880 (Ind.1994). One very plausible scenario is that the jury could surmise that this evidence foreboded the commission of another felonious crime, such as burglary or robbery.

In ruling as we do, we are mindful of the case law that affords great deference to the ruling of the trial court on these matters, and that even marginally relevant evidence is admissible. *See Sanders*, 724 N.E.2d at 1131. Even so, the complained of evidence does not have relevancy, and is so prejudicial that it is inadmissible.

## CONCLUSION

The trial court committed reversible error in the admission of evidence. This matter is reversed and remanded for a new trial.

VAIDIK, J., and BAKER, J., concur.