Anthony **HAYES**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–0609–CR–540.

Court of Appeals of Indiana.

Nov. 15, 2007.

Transfer Denied Jan. 17, 2008.

Jill M. Acklin, Westfield, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

1. We heard oral argument on September 25, 2007, at the Indiana University School of

## OPINION

MATHIAS, Judge.

Anthony Hayes ("Hayes") was convicted of Class D felony possession of cocaine following a bench trial in Marion Superior Court. He appeals, raising one issue: whether sufficient evidence supports his conviction. We affirm.

### Facts and Procedural History[1]

On July 8, 2005, Indianapolis Police Officer Jonathan Baker ("Officer Baker") was on patrol in a marked police cruiser near the 800 block of Udell Street. While stopped at a stop sign, Officer Baker observed three or four individuals "just standing there not doing anything" while Johnny Davis swept trash from the street into a blue plastic trash bin. Tr. p. 22. As Officer Baker slowed to a stop, he observed Hayes walk over to the bin, which he described as "at most ... eighteen inches high[.]" Tr. p. 34. Officer Baker got out of his patrol car as Hayes stopped, reached down and put his right hand, which was closed in a fist, completely into the bin. Hayes then pulled his open and empty right hand out.

Officer Baker got out of his patrol vehicle and approached the group. He first spoke to Davis and then walked toward the trash bin. As Officer Baker reached down into the bin, Hayes immediately started across the street. Officer Baker asked Hayes to come back and talk to him, but Hayes acted as if he did not hear the request. Officer Baker asked Hayes again to come back and talk to him, and Hayes responded "Who me? I gotta go." Tr. p. 31.

Hayes continued across the street and then entered a church lot with a large "No Trespassing" sign. Officer Baker then or-

Law–Indianapolis.

dered Hayes to stop. Hayes looked at Officer Baker, who took a step towards him, and then took off running. Officer Baker chased Hayes for "a couple of blocks" before apprehending him. Tr. p. 32. Officer Baker then left Hayes with another officer while he returned to the trash bin. During the chase, Davis had continued sweeping trash into the bin, which was now "half to three quarters" full. Tr. p. 34. Officer Baker recovered a baggie of crack cocaine "from the front part of the bin right where [he] had seen [ ] Hayes put his hand[.]" Tr. p. 25.

The State charged Hayes with Class D felony possession of cocaine and Class A misdemeanor resisting law enforcement. At the conclusion of a bench trial, Hayes was convicted of both counts and sentenced to concurrent terms, which after taking into account good-time credit, amounted to time served. He now appeals his conviction of Class D felony possession of cocaine.

## Standard of Review

When reviewing the sufficiency of evidence to establish the elements of a crime, we consider only the evidence and reasonable inferences drawn therefrom that support the conviction. *Cherrone v. State,* 726 N.E.2d 251, 255 (Ind.2000). "We do not reweigh evidence or judge the credibility of witnesses and will affirm the conviction if there is probative evidence from which a reasonable [fact-finder] could have found the defendant guilty beyond a reasonable doubt." *Id.* Further, a conviction may be based purely on circumstantial evidence. *Moore v. State,* 652 N.E.2d 53 (Ind.1995). "On appeal, the circumstantial evidence need not overcome every reasonable hypothesis of innocence." *Id.* at 55. It is enough if an inference reasonably tending to support the conviction can be drawn from the circumstantial evidence. *Id.*

## Discussion and Decision

■ Hayes argues that the evidence is insufficient to support his conviction because several other individuals were present who could have placed the crack cocaine into the bin during Officer Baker's "extended absence from the scene." Br. of Appellant at 7. He asserts that while the bin was unattended, someone else may have been presented with "an ideal opportunity to get rid of the contraband and shift the blame to someone else." Br. of Appellant at 9.

In support of his argument, Hayes argues that the facts presented here substantially differ from Indiana cases holding that sufficient evidence was presented where a defendant discarded or disposed of an illegal substance later recovered by police. *See Patterson v. State,* 255 Ind. 22, 262 N.E.2d 520 (1970) (officers observed fleeing defendant throw currency and foil packages to the ground; two officers stopped to retrieve packages while other officers continued to pursue defendant); *Gilbert v. State,* 426 N.E.2d 1333 (Ind.Ct. App.1981) (officers observed defendant throw syringe of heroin from parked car); *Cartwright v. State,* 154 Ind.App. 328, 289 N.E.2d 763 (1972) (officers observed defendant remove wallet containing heroin from his back pocket and throw it to the ground).

In response, the State contends that the evidence presented establishes actual possession of the cocaine. Actual possession of contraband occurs when a person has direct physical control over the item. *Gee v. State,* 810 N.E.2d 338, 340 (Ind.2004).

■ In the case before us, Officer Baker testified that he observed Hayes reach down and place his closed right fist completely inside the approximately eighteen-inch-high bin and then remove his empty hand. Tr. pp. 23, 30, 33. He also testified that as he approached the bin, Hayes

crossed the street and entered a church lot with a "no trespassing" sign. Tr. p. 24. When Officer Baker ordered Hayes to stop, he testified that Hayes "looked at me, I took a step towards him, then he began to run." Tr. p. 32. Flight may be considered by the fact-finder in determining a defendant's guilt. *See Dill v. State*, 741 N.E.2d 1230, 1232 (Ind.2001). After apprehending Hayes following a chase of a "couple of blocks," Officer Baker "immediately went back to ... the blue bin[.]" Tr. p. 25. Finally, Officer Baker testified that he recovered the cocaine "from the front part of the bin right where [he] had seen [ ] Hayes put his hand[.]" Tr. p. 25.

We do not reweigh evidence or judge the credibility of witnesses. *Cherrone*, 726 N.E.2d at 255. A reasonable fact-finder could infer from these facts and circumstances that Hayes actually possessed the cocaine. Sufficient evidence supports Hayes's conviction.

Affirmed.

KIRSCH, J., and BRADFORD, J., concur.