**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JAMES D. CRUM**
Coots Henke & Wheeler, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JONATHAN R. SICHTERMANN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AARON LEE ANDERSON, III, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1208-CR-694 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON CIRCUIT COURT
The Honorable Paul Felix, Judge
Cause No. 29C01-1201-FB-649

**April 4, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Aaron Anderson appeals his conviction and sentence for Class B felony unlawful possession of a firearm by a serious violent felon.  We affirm.

**Issues**

Anderson raises two issues, which we restate as:

    I.    whether the evidence is sufficient to sustain his conviction for Class B felony unlawful possession of a firearm by a serious violent felon; and

    II.    whether his sixteen-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

**Facts**

On January 22, 2012, Sergeant Robert Dine of the Westfield Police Department initiated a traffic stop of a vehicle that had a headlight out.  As soon as the vehicle stopped, the front seat passenger opened the door and ran.  Sergeant Dine recognized the passenger as Anderson and yelled for him to stop.  Anderson continued to run, and Sergeant Dine chased him.  However, Sergeant Dine lost sight of Anderson at the corner of Jersey Street and Poplar Street.

Valerie Steffen lived on Poplar Street and was standing on her back deck while she was taking her dog outside.  Steffen heard shouts and saw Anderson running.  A few seconds later, she heard a "thump, thump, thump" near her.  Tr. p. 103.  Anderson was found hiding in a nearby backyard shed, and Steffen reported the noise to officers.  Anderson smelled of marijuana and told the officers that he had thrown out a bag of marijuana as he was running.  The officers searched the area but were unable to locate the

marijuana. Marijuana was, however, found on Anderson's person when he was searched at the jail. Approximately an hour later, Steffen went onto her back deck again and saw a firearm in a pile of snow on her deck. She contacted the officers again, and they retrieved the loaded weapon.

The State charged Anderson with Class B felony unlawful possession of a firearm by a serious violent felon, Class C felony carrying a handgun without a license, Class A misdemeanor possession of marijuana, Class A misdemeanor carrying a handgun without a license, and Class A misdemeanor resisting law enforcement. After a bifurcated jury trial, the jury found Anderson guilty as charged.

The trial court sentenced Anderson to concurrent sentences of sixteen years for the Class B felony unlawful possession of a firearm by a serious violent felon conviction, 364 days for the Class A misdemeanor possession of marijuana conviction, and 364 days for the Class A misdemeanor resisting law enforcement conviction. The trial court did not enter judgments of conviction on the remaining guilty verdicts due to double jeopardy concerns.

## Analysis

### I. Sufficiency of the Evidence

Anderson argues that the evidence is insufficient to sustain his conviction for Class B felony unlawful possession of a firearm by a serious violent felon. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any

3

reasonable inferences that can be drawn from such evidence." Id. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. Id. A conviction may be based purely on circumstantial evidence. Hayes v. State, 876 N.E.2d 373, 375 (Ind. Ct. App. 2007), trans. denied. "On appeal, the circumstantial evidence need not overcome every reasonable hypothesis of innocence." Id. It is enough if an inference reasonably tending to support the conviction can be drawn from the circumstantial evidence. Id.

The offense of unlawful possession by a serious violent felon is governed by Indiana Code Section 35-47-4-5, which provides: "A serious violent felon who knowingly or intentionally possesses a firearm commits unlawful possession of a firearm by a serious violent felon, a Class B felony." According to Anderson, there is no substantial evidence that he was in possession of the firearm found on Steffen's deck. The State argues that the facts here are similar to those in Peters v. State, 959 N.E.2d 347, 355-56 (Ind. Ct. App. 2011), in which we found sufficient evidence to sustain the defendant's conviction for unlawful possession of a firearm by a serious violent felon.

In Peters, the State presented evidence that the defendant ran with his hands in his pockets during a foot pursuit with an officer. A gun was later found on the roof of a church, in an area where the officer could not see the defendant during the foot pursuit and where the markings in the snow suggested the defendant had fallen down. The defendant had .9mm bullets in his pocket when he was arrested, and the gun was a .9mm Glock. The gun had been reported stolen by a person who lived in Columbus, Ohio, and the defendant lived in Columbus, Ohio. Based on this evidence, we concluded that the

4

jury reasonably could have inferred the defendant had possessed the gun found on the roof of the church.

Here, the State demonstrated that Anderson was a passenger in a vehicle stopped by Sergeant Dine. Anderson ran from the vehicle, and Sergeant Dine chased him. Steffen was standing on her deck when Anderson ran past. A couple of seconds later, Steffen heard a "thump, thump, thump" near her. Tr. p. 103. Anderson told officers that he threw a bag of marijuana, but they were unable to locate the marijuana until they searched Anderson at the jail. Approximately one hour later, Steffen noticed a gun in a pile of snow on her deck.

Anderson argues that <u>Peters</u> is distinguishable because the defendant there had bullets in his pocket and the gun was stolen from his hometown. Despite some factual differences between this case and <u>Peters</u>, we conclude that the evidence is sufficient to show that Anderson was in possession of the weapon. A jury could have reasonably inferred from the evidence that Anderson threw the loaded gun onto Steffen's roof and that it fell into the snow pile on her deck. Although Anderson was not seen with the gun, the circumstantial evidence was sufficient to sustain his conviction.

## II. Inappropriate Sentence

Anderson argues that his sixteen-year sentence is inappropriate in light of the nature of the offense and the character of the offender. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. When considering whether a sentence is

5

inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. Id. We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

The nature of the offense is that Anderson ran from police officer through a residential neighborhood. Steffen saw Anderson running and heard a noise near her. When the officers found Anderson, he claimed to have thrown a bag of marijuana while he was running. Instead, some marijuana was found in his boxer shorts during a search at the jail. An hour later, Steffen found a loaded gun in a pile of snow on her deck. Anderson argues that his discarding of the gun shows that he did not mean to harm

6

anyone. We disagree. His act of throwing a loaded handgun in a residential neighborhood endangered many people.

As for Anderson's character, although he is only twenty-eight years old, he has a substantial criminal history. As a juvenile, Anderson was found delinquent for acts that would be criminal mischief, possession of alcohol by a minor, and possession of a controlled substance. He has adult convictions for Class B felony robbery, Class D felony escape, and two convictions for Class A misdemeanor resisting law enforcement. During his incarcerations, Anderson received numerous conduct reports, including some for major offenses. After his release from incarceration, Anderson violated work release, probation, or parole seven times during a six-year period. During his current jail incarceration, he had several write-ups for unauthorized communication, fighting, and threatening jail staff. The trial court acknowledged that Anderson seemed remorseful and determined to change his behavior.

Based on Anderson's criminal history, the trial court concluded that an aggravated sentence was proper. Given Anderson's criminal history, we cannot say that the sixteen-year sentence imposed by the trial court was inappropriate in light of the nature of the offense and the character of the offender.

**Conclusion**

The evidence is sufficient to sustain Anderson's conviction for Class B felony unlawful possession of a firearm by a serious violent felon. Further, we cannot say that Anderson's sixteen-year sentence is inappropriate in light of the nature of the offense and the character of the offender. We affirm.

Affirmed.

BAKER, J., and RILEY, J., concur.