**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 16 2014, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KAREN M. HEARD**
Vanderburgh County Public Defender's Office
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RONALD LEMON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A04-1305-CR-221 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Wayne S. Trockman, Judge
The Honorable J. August Straus, Magistrate
Cause No. 82D02-1301-FD-34

**January 16, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SULLIVAN, Senior Judge**

Ronald Lemon challenges the sufficiency of the evidence sustaining his Class D felony possession of marijuana conviction. We affirm.

On January 3, 2013, Lemon was housed in the Vanderburgh County Jail. Sergeant Brandon Feller received a tip that Lemon was in possession of marijuana. As Lemon had earlier asked to use the phone, Sergeant Feller instructed officers to perform a brief search of him before allowing him to do so.

Officer Marcus Carl got Lemon from his cell and walked him toward the phone area. Before getting there, Officer Carl stopped him and said he was going to perform a search. Officer Carl patted down his outer clothing and then asked him to remove his socks. Lemon complied, but the manner in which he removed his socks seemed odd to Officer Carl. Sergeant Feller, who watched the search from an elevated area, saw Lemon "cup something and place it in his left pocket." Tr. p. 34. He thus told Officer Skye Terhune to search Lemon's left pocket.

Officer Terhune walked up to Lemon and told him to put his hands up. Lemon put his hands up, but when Officer Terhune reached for his left pocket, he quickly shoved his left hand into the pocket and pulled something out. Officer Terhune ordered Lemon to give him what he had in his hand. Lemon responded by saying to Sergeant Feller, "If you knew I had this why did we go through all this?" Id. at 20. When Officer Terhune again asked him for what was in his hand, Lemon tried to run down the hallway toward his open cell door. As he tried to get away, Officer Terhune saw "something hanging out of his hand." Id. at 53. Officers Terhune and Carl grabbed Lemon and took him to the ground.

2

As Lemon was being taken down, Sergeant Feller saw him extend his arm and then saw "an object out of the corner of [his] eye go across [his] vision." Id. at 36. Sergeant Feller saw the object land on the floor. He looked to make sure the officers had Lemon under control and then immediately turned his attention to the object. He looked in the area where it landed and saw a plastic baggie on the floor about a foot or two away from an inmate who wore nothing but a suicide prevention poncho. Sergeant Feller ordered the inmate to step back. He then moved the baggie with his foot to make sure no one touched it until the scene was secured.

The baggie contained marijuana. Lemon later told Sergeant Feller that the marijuana was not his, that an inmate had given it to him, and that he would have flushed it if he had reached his cell.

The State charged Lemon with possession of marijuana, two counts of resisting law enforcement, and trafficking with an inmate. The State filed an enhancement of the possession charge from a Class A misdemeanor to a Class D felony based on Lemon's prior conviction for possession of marijuana.

On the day of Lemon's jury trial, the court, on the State's motion, dismissed one count of resisting as well as the trafficking count. At the end of the trial, the jury found Lemon guilty of Class A misdemeanor possession of marijuana and not guilty of the remaining resisting count. He pleaded guilty to the enhancement of the possession charge to a Class D felony. The court later sentenced him to eighteen months executed in the Department of Correction, to be served consecutively to another sentence.

Lemon's sole issue on appeal is whether the evidence is sufficient to sustain his conviction. In reviewing a sufficiency of the evidence claim, we neither reweigh the evidence nor assess the credibility of witnesses. Bailey v. State, 979 N.E.2d 133, 135 (Ind. 2012). Rather, we look to the evidence and reasonable inferences drawn therefrom that support the verdict. Id. We affirm if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. Id.

Lemon challenges only the sufficiency of the evidence showing the possession element of the offense. See Ind. Code § 35-48-4-11 (2012). A conviction for possession of contraband may rest upon proof of either actual or constructive possession. Washington v. State, 902 N.E.2d 280, 288 (Ind. Ct. App. 2009), trans. denied. Lemon claims the State failed to show either form of possession. We need not reach the issue of constructive possession, however, because the evidence amply shows that Lemon actually possessed the marijuana. A person actually possesses contraband when he has direct physical control over it. Gray v. State, 957 N.E.2d 171, 174 (Ind. 2011).

The evidence shows that when he removed his socks, Lemon "cupped" something and placed it in his left pocket. Officer Terhune tried to search his left pocket, but Lemon shoved his hand in that pocket, pulled something out, and would not give it to the officers. When Lemon then attempted to run to his cell, Officer Terhune saw something hanging out of his hand. As the officers took him to the ground, Sergeant Feller saw Lemon extend his arm, and an object moved across Sergeant Feller's field of vision. Sergeant Feller saw the object land on the floor, and after making sure Lemon was

4

secured, he looked in the area in which it landed and saw a plastic baggie containing marijuana.

Despite this clear evidence, Lemon argues "the marijuana was not found actually physically on" him. Appellant's Br. p. 10. Although he acknowledges he was seen with "something," he argues that nothing was identified until Sergeant Feller saw the plastic baggie on the floor near the inmate in the suicide prevention poncho.

There is no requirement, however, that a defendant's actual possession of contraband must be shown to have existed at precisely the same time as the law enforcement officer's discovery of the contraband. Wilburn v. State, 442 N.E.2d 1098, 1101 (Ind. 1982). Here, a reasonable jury could easily conclude that the object Lemon took from his socks, shoved in his pocket, pulled out of his pocket, and tossed as he was being tackled was the plastic baggie Sergeant Feller saw on the jail floor. And in any event, Lemon essentially admitted he had actual possession of the marijuana by telling Sergeant Feller that it was not his, that an inmate had given it to him, and that he would have flushed it had he reached his cell.

Lemon also suggests that the baggie could have been on the jail floor before he even got there or that it came from an orifice of the inmate in the suicide prevention poncho. These are merely requests to reweigh the evidence, which we will not do.

The evidence shows that Lemon had actual possession of the marijuana and is thus sufficient to sustain his conviction. See Hayes v. State, 876 N.E.2d 373, 375-76 (Ind. Ct. App. 2007) (evidence sufficient to show actual possession where defendant reached down with his closed fist into trash bin, removed his empty hand, and fled from officer, and

5

where officer later returned to bin and recovered baggie of crack cocaine), <u>trans.</u> <u>denied</u>.

We therefore affirm.

Affirmed.

VAIDIK, C.J., and BROWN, J., concur.